Carl SIMONS; Lawrence Langsam; Michael Litwack; Ronald Meyer; Warren Davis, d/b/a 8500 Valcour Partnership, Appellants,

v.

GREAT SOUTHWEST FIRE INSUR-
ANCE COMPANY, Appellee.

No. 83–2242.

United States Court of Appeals,
Eighth Circuit.

Submitted May 18, 1984.
Decided May 23, 1984.

Pat L. Simons, Torrence R. Thomas, Jr., Popkin, Stern, Heifetz, Lurie, Sheehan, Reby & Chervitz, St. Louis, Mo., for appellants.

Armstrong, Teasdale, Kramer & Vaughan, Frank N. Gundlach, Wilbur L. Tomlinson, St. Louis, Mo., for appellee.

Before HEANEY, BRIGHT and JOHN R. GIBSON, Circuit Judges.

PER CURIAM.

The plaintiffs, owners of a building in St. Louis County, Missouri, appeal from the judgment of the district court[1] dismissing their action for declaratory relief and damages against the Great Southwest Fire Insurance Company. Great Southwest issued liability policies to Building Restoration of St. Louis, a division of Marché, Inc. (Marché), covering the period from December 1, 1978, through December 1, 1979. Marché completed installation of a roof on the plaintiffs' building in the spring of 1979. In April of the following year, the plaintiffs discovered serious defects in the roof; the defects caused the plaintiffs to expend substantial amounts of money to redo and repair the roof.

Upon learning of the plaintiffs' roof problems, Marché sought advice from Great Southwest. Great Southwest disclaimed any duty to defend or indemnify Marché for defects in the roof because of clauses in its policies excluding coverage for property damage to "the named insured's products arising out of such products" or to "work performed by or on behalf of the named insured arising out of

the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith." The plaintiffs eventually sued Marché in the Circuit Court of St. Louis County, Missouri. Great Southwest continued to disclaim coverage and refused to tender a defense on behalf of Marché. The circuit court entered a default judgment against Marché and awarded the plaintiffs $500,000 in damages. None of this award has been paid.

The plaintiffs requested Great Southwest to satisfy the judgment to the extent of its policy limits, $100,000. Great Southwest refused, and the plaintiffs brought the instant action seeking $500,000 because of Great Southwest's alleged wrongful refusal to defend or, alternatively, $100,000 because of Great Southwest's alleged liability under the policies. The district court agreed with Great Southwest that the policy exclusions were applicable to the damage at issue and dismissed the action following trial. *Simons v. Great Southwest Fire Insurance Co.*, 569 F.Supp. 1429, at 1434 (E.D.Mo.1983) (memorandum opinion and order).

After reviewing the decision below, the record, and the briefs on appeal, and hearing oral argument, we are convinced that the court committed no error of law or fact. We therefore affirm on the basis of the well-reasoned opinion of the district court. *See* 8th Cir.R. 14.

1. The Honorable John K. Regan, United States District Judge for the Eastern District of Missouri.