WESTERN WORLD INSURANCE COMPANY, INC. v. RODNEY CARRINGTON, D/B/A CARRINGTON ENGINEERED WATERPROOFING SYSTEMS, AND D/B/A CARRINGTON ENGINEERING & WATERPROOFING, INC. AND CLANCY & THEYS CONSTRUCTION COMPANY

No. 8710SC1088

(Filed 21 June 1988)

1. **Declaratory Judgment Act § 4.3— construction dispute—insurance coverage— declaratory judgment action proper**

    A declaratory judgment action to determine whether insurance coverage existed was proper where plaintiff's insured was being sued on a claim for which plaintiff denied coverage and for which, if coverage existed, plaintiff had a duty to defend. N.C.G.S. § 1-254.

2. **Insurance § 143— construction dispute—work product exclusion—no coverage**

    A work product exclusionary clause in a liability insurance policy applied and the policy did not provide coverage for a claim by a general contractor against a subcontractor arising from a leaking parking deck where the damages sought were solely for bringing the quality of the insured's work up to the standard bargained for. The quality of the insured's work is a business risk which is solely within his own control, and liability insurance generally does not provide coverage for claims arising from the failure of the insured's product or work to meet the quality or specifications for which the insured may be liable as a matter of contract.

3. **Estoppel § 8— construction dispute—insurance company not estopped to deny coverage**

    Summary judgment was properly granted for plaintiff insurance company in a declaratory judgment action arising from a construction dispute where the record clearly showed no genuine issue of material fact regarding whether plaintiff should be estopped to deny coverage and defendants' brief fails to provide supporting authority for their estoppel argument. N.C. Rule of App. Procedure 28(b)(5).

APPEAL by defendants from *Bailey, Judge*. Judgment entered 17 August 1987 in Superior Court, WAKE County. Heard in the Court of Appeals 5 April 1988.

This is a declaratory judgment action. In late 1983, defendant Rodney Carrington (Carrington) performed waterproofing work as a subcontractor on a building and parking deck project. Defendant Clancy & Theys Construction Company (Clancy & Theys) was the project's general contractor. In 1984, after the parking deck was completed and in use, water was discovered leaking through part of the top level of the parking deck. The leaking damaged several cars parked in the lower deck and caused some cracking in parts of the deck's concrete slabs. Clancy & Theys hired an engineering firm to investigate the cause of the leaks and suggest possible solutions to the problem. The firm suggested two alternative methods of correcting the problem: (1) remove all the topping and stonework, restore the original waterproofing system, and replace the stonework and topping; or (2) install a new waterproofing system by applying a urethane based deck coating and sealant over the entire deck, without removing or tearing off the original waterproofing system Carrington had applied. The second and less expensive method was utilized at a total cost of approximately $130,000.

On 19 June 1985, Clancy & Theys brought suit against Carrington for the cost of performing the remedial work. At the time Carrington performed the original waterproofing, he carried a liability insurance policy issued by plaintiff, Western World Insurance Co., Inc. Carrington called upon plaintiff to defend the action. Plaintiff declined, denying that Clancy & Theys' claim was covered by the policy. On 20 November 1985, plaintiff instituted this action against Carrington for a declaration of the parties' rights under the policy. By a consent order filed 6 January 1987, Clancy & Theys was allowed to intervene as a defendant. On 9 April 1987, plaintiff moved for summary judgment. On 17 August 1987, after considering the pleadings, affidavits, discovery materials, and arguments of the parties, the trial court granted plaintiff's motion for summary judgment. Both defendants appeal.

*Maupin, Taylor, Ellis & Adams, by Mark S. Thomas and Armistead J. Maupin, for the plaintiff-appellees.*

*John E. Bugg and William L. London, III, for the defendant-appellant Clancy & Theys Construction Company.*

*Merriman, Nicholls, Crampton, Dombalis & Aldridge, by W. Sidney Aldridge, for the defendant-appellant Carrington.*

EAGLES, Judge.

[1] A declaratory judgment action may be brought to determine whether coverage exists under an insurance policy. *Hobson Construction Co. v. Great American Ins. Co.*, 71 N.C. App. 586, 322 S.E. 2d 632 (1984), *disc. rev. denied*, 313 N.C. 329, 327 S.E. 2d 890 (1985); G.S. 1-254. The complaint and the record must show that an actual controversy exists. *Gaston Bd. of Realtors, Inc. v. Harrison*, 311 N.C. 230, 316 S.E. 2d 59 (1984). The complaint and the record here show that plaintiff's insured is being sued on a claim for which it denies coverage and for which, if coverage exists, it has a duty to defend. Accordingly, a declaratory judgment action may be brought. *Cf. N.C. Farm Bureau Mut. Ins. Co. v. Warren*, 89 N.C. App. 148, 365 S.E. 2d 216 (1988). Our Supreme Court has held, under facts similar to the instant case, that the insurer's declaratory judgment action to determine whether coverage existed was proper. *See Insurance Co. v. Simmons, Inc.*, 258 N.C. 69, 128 S.E. 2d 19 (1962).

[2] The sole issue here is whether plaintiff's policy provides Carrington with coverage against Clancy & Theys' claim. The policy states that plaintiff will pay all claims which the insured becomes legally obligated to pay as damages because of bodily injury or property damage. For purposes of this action there is no dispute that there is "property damage" as defined in the policy. The policy, however, contains certain "exclusions" from coverage which plaintiff argues exempt it from the obligation to defend and pay.

Exclusion (o) of the policy provides that the insurance does not apply:

> (o) to property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith.

The record does not contain a copy of the complaint in Clancy & Theys' action against Carrington. However, the record clearly indicates that Clancy & Theys' claim consists solely of costs incurred in replacing the allegedly defective waterproofing work done by Carrington with a new waterproofing system. We hold that "exclusion (o)" operates to exclude those costs from the policy's coverage.

Exclusionary clauses are not favored and must be narrowly construed. *Nationwide Mut. Fire Ins. Co. v. Allen*, 68 N.C. App. 184, 314 S.E. 2d 552, *disc. rev. denied*, 311 N.C. 761, 321 S.E. 2d 42 (1984). The court, however, must interpret the policy as written and may not disregard the plain meaning of the policy's language. *Fidelity Bankers Life Ins. Co. v. Dortch*, 318 N.C. 378, 348 S.E. 2d 794 (1986). Although there are no North Carolina cases construing the language of "exclusion (o)," numerous decisions from other jurisdictions have held that identical or similar exclusionary clauses are unambiguous and operate to exclude from coverage the type of damages which Clancy & Theys is claiming here.

Exclusion (o) is one of several "work product" exclusions found in standardized liability insurance policies. *See Gulf Mississippi Marine Corp. v. George Engine Co.*, 697 F. 2d 668. (5th Cir. 1983). Since the quality of the insured's work is a "business risk" which is solely within his own control, liability insurance generally does not provide coverage for claims arising out of the failure of the insured's product or work to meet the quality or specifications for which the insured may be liable as a matter of contract. *See Western World Ins. v. H. D. Eng. Design*, 419 N.W. 2d 630 (Minn. 1988); Henderson, "Insurance for Products Liability and Completed Operations—What Every Lawyer Should Know," 50 Neb. L. Rev. 415, 441 (1971). The cases interpreting this kind of exclusion recognize, as we do, that liability insurance policies are not intended to be performance bonds. *See Breaux v. St. Paul Fire & Marine Ins. Co.*, 345 So. 2d 204 (La. App. 1977). Consequently, courts have uniformly held that the language of exclusion (o) excludes damages sought for the cost of repairing or replacing the insured's own work or product. *See Gulf Mississippi Marine Corp. v. George Engine Co., supra; Biebel Bros., Inc. v. United States Fidelity & G. Co.*, 522 F. 2d 1207 (8th Cir. 1975); *Carboline Company v. Home Indemnity Company*, 522 F. 2d 363 (7th Cir. 1975); *Simmons v. Great Southwest Fire Ins. Co.*, 569 F. Supp.

1429 (E.D. Mo. 1983), *aff'd*, 734 F. 2d 1318 (8th Cir. 1984); *G. L. Shaw Bldrs. v. State Auto Ins. Co.*, 182 Ga. App. 220, 355 S.E. 2d 130 (1987); *Hartford Accident & Ind. Co. v. Case Foundation Co.*, 10 Ill. App. 3d 115, 294 N.E. 2d 7 (1973); *Breaux v. St. Paul Fire & Marine Ins. Co., supra; Taylor-McDonnell v. Commercial Union Ins.*, 744 P. 2d 892 (Mont. 1987); *Weedo v. Stone-E-Bricks, Inc.*, 81 N.J. 233, 405 A. 2d 788 (1979); *Travelers Ins. Co. v. Volentine*, 578 S.W. 2d 501 (Tx. App. 1979). Here, the record shows that the damages sought against Carrington are those costs incurred in replacing his allegedly defective waterproofing system with an effective waterproofing system. Therefore, the claim is excluded from the policy's coverage.

Defendants contend that exclusion (o) does not apply and cite several cases, including *Bundy Tubing Company v. Royal Indemnity Company*, 298 F. 2d 151 (6th Cir. 1962), in support of their argument. All of the cases cited by defendants, however, are readily distinguishable since they involve claims for damages other than costs for repairing or replacing the insured's defective work or product. In *Bundy, supra*, the insured manufactured some defective tubing, which was installed beneath concrete flooring. The court held that an exclusion similar to the one here did not exclude the cost of removing and replacing the concrete flooring in which the defective tubing had been installed. Similarly, in *St. Paul Fire and Marine Ins. v. Sears, Roebuck & Co.*, 603 F. 2d 780 (9th Cir. 1979), where the insured had improperly installed a urethane foam roofing material, and replacing it involved damage to property other than that of the insured, the court held that the cost of the "repair operation" would not be excluded. *Id.* at 784. The exclusion has also been held inapplicable where the damages sought are for diminution in value of the property or product of which the insured's work or product is merely a part. *See Mizzouri Terrazzo Co. v. Iowa Nat. Mut. Ins. Co.*, 740 F. 2d 647 (8th Cir. 1984); *Ohio Cas. Ins. Co. v. Terrace Enterprises, Inc.*, 260 N.W. 2d 450 (Minn. 1977).

In all of those cases, the damages claimed were for damage to property other than that of the insured, which was caused either by the defective work or product, or the need to repair or replace that work or product. In this case, from the record before us it is clear that Clancy & Theys is not seeking damages for diminution in the structure's value, or costs for repairing the

cracking in the concrete, or costs for any damage to its own property caused by the allegedly defective waterproofing. Clancy & Theys' only claim is for costs incurred in substituting or replacing the protective functions which Carrington's original waterproofing work should have provided. The damages sought are solely for bringing the quality of the insured's work up to the standard bargained for. Consequently, the policy provides no coverage for the claim.

[3] Defendants also argue that plaintiff should be estopped to deny coverage. They contend that had they used the more expensive method, most of their costs in repairing the work would have been covered. Since plaintiff knew of the damage before the method of repairing it was chosen, and because plaintiff stated to Clancy & Theys that it would deny coverage under either method, defendants contend that plaintiff is now estopped to deny coverage. We disagree.

The elements of equitable estoppel are: a false representation of a material fact; made with the intention that the representation be acted upon; where some action is taken by the party asserting estoppel in reliance on the representation, which results in prejudice to him; and where the injured party was not misled by his own lack of care. *See Moore v. Upchurch Realty Co.*, 62 N.C. App. 314, 302 S.E. 2d 654 (1983). The record here clearly shows no genuine issue of material fact regarding whether plaintiff should be estopped to deny coverage. In addition, defendants' brief fails to provide supporting authority for their estoppel argument, as required by N.C.R. App. P. 28(b)(5). Defendants' argument is without merit.

Affirmed.

Chief Judge HEDRICK and Judge PHILLIPS concur.