DAVID A. BARBEE v. THE HARFORD MUTUAL INSURANCE COMPANY

No. 9026DC272

(Filed 30 October 1990)

**Insurance § 92.1 (NCI3d) — garage liability insurance — permitting foreign object to fall in cylinder — work product as jury question**

In an action to recover under a garage keepers insurance policy for damage caused to two automobiles when plaintiff's employee dropped a foreign object into a cylinder of each automobile while changing the spark plugs, a jury question

was presented as to whether the damages were restricted to the work product so as to come within the policy provision excluding coverage for faulty work or whether they involved other parts of the automobiles.

**Am Jur 2d, Garages, and Filling and Parking Stations §§ 54, 55; Insurance § 726.**

APPEAL by plaintiff from judgment entered 18 January 1990 by *Judge Robert Johnston* in MECKLENBURG County Superior Court. Heard in the Court of Appeals 26 September 1990.

Plaintiff brought this action against his insurance carrier, The Harford Mutual Insurance Company, after it declined to pay claims for damage to two cars worked on by plaintiff's employees. Defendant denied liability alleging plaintiff's claims were excluded under the policy language. Plaintiff filed a Motion for Partial Summary Judgment on the issue of liability and defendant filed a Motion for Summary Judgment. The court denied plaintiff's Motion for Partial Summary Judgment and granted defendant's Motion for Summary Judgment.

*Wishart, Norris, Henninger & Pittman, by Kenneth R. Raynor, for plaintiff appellant.*

*Petree Stockton & Robinson, by Richard E. Fay, for defendant appellee.*

ARNOLD, Judge.

This is an action to recover under a "garage keepers" insurance policy. Under the comprehensive coverage of such a policy, the insurer is obligated to pay the insured garage for losses to a customer's car "from any cause . . . while the insured is attending, servicing, [or] repairing . . . it."

The claimed damages in this case occurred in two separate instances. In the first a customer asked plaintiff to tune-up his car and work on the fuel injection system. While replacing the spark plugs, plaintiff's employee dropped a foreign object into one of the engine cylinders. When the engine was later engaged, a valve in the cylinder was damaged due to the presence of the foreign material. Plaintiff's employees did not work on the cylinder valves.

In the second case a customer requested that plaintiff tune-up his car and perform some carburetor work. Other than replacing the spark plugs, plaintiff's employees did not work on the engine cylinders. Again, while replacing the spark plugs a mechanic dropped a foreign object into a cylinder. When the car was started, the cylinder walls were damaged.

Defendant has refused to provide coverage claiming the damages fall within the "work product" exclusion of the insurance policy. This clause reads as follows: "This insurance does not apply to . . . faulty work you performed."

Garage keeper policies containing work product exclusions do not insure defective work the insured is under contract to perform, but they do cover damages to other property resulting from defective work. *Travelers Ins. Co. v. Volentine*, 578 S.W.2d 501 (Tex. Ct. App. 1979) (The exclusion refers to damages to the work performed, but it "does not refer to damages *due* to work performed." *Id.* at 503.); *Todd Shipyards Corp. v. Turbine Service, Inc.*, 674 F.2d 401 (1982) (The exclusion "carves out of the policy damage to the particular work performed by the insured, but not the overall damage that the incorporation of the defective work product causes the entire entity." *Id.* at 421.); *see* 12 G. Couch, *Couch on Insurance 2d* § 45:111 (1981).

No North Carolina case has directly addressed this issue. In *Western World Ins. Co. v. Carrington*, 90 N.C. App. 520, 369 S.E.2d 128 (1988), this Court examined a similar work product exclusion involving a different type of claimed damage. We held in *Western World* that the cost of removing and replacing a faulty waterproofing system in a parking deck installed by the insured's subcontractor was not covered by a policy because of a work product exclusion. *Id.* at 524, 369 S.E.2d at 130. The Court distinguished the facts before it from the cases involving damages to other property caused by the insured's defective work. *Id. Western World* recognizes that while work product exclusions preclude recovery for faulty work, damages to other property caused by that faulty work are not excluded from coverage by these provisions.

The question before us then becomes: what was the insured's work product? It is difficult here to determine whether the damage was restricted to the work product or whether it involved other parts of the automobile. Plaintiff argues he was only under contract to perform tune-ups and other unrelated work. In neither case

was he authorized nor did his employees perform work on the parts of the automobiles that were eventually damaged by the faulty work. Defendant, however, contends that the spark plugs are "part and parcel of the engine['s] cylinders," and that the damage was not damage to other property but to items directly connected with the plaintiff's work under the contracts.

Every shade tree mechanic knows that a critical aspect of changing spark plugs is to prevent foreign material from falling into the cylinders. In this sense, the damage that occurred can be viewed as part of the overall job of changing the spark plugs. On the other hand, the subsequent repairs on the two damaged automobiles did not involve any work on the spark plugs, but required repair of a cylinder wall and a valve. Viewed this way, the damages were to property other than the contract work.

When the limits of the work product are vague, a question of fact for the jury arises. Summary judgment, of course, is proper only when there is no genuine issue as to any material fact and one party is entitled to judgment as a matter of law. *Frye v. Arrington*, 58 N.C. App. 180, 292 S.E.2d 772 (1982). Such is not the case here; therefore, we reverse the judgment of the trial court.

Reversed.

Chief Judge HEDRICK and Judge PHILLIPS concur.