[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: SUMMARY JUDGMENT #118 AND #122
In his revised complaint, filed on February 25, 1991, plaintiff Peter S. White alleges that defendant Edward S. Pajak, d/b/a Hartford Pressure Wash, power washed the exterior of plaintiff's house on or about October 5, 1988, as required by a contract between the plaintiff and the defendant. The plaintiff alleges that the defendant damaged the clapboard siding of the plaintiff's house, and that the damage was caused by the defendant's negligence and breach of the contractual requirement to perform the work in workmanlike manner.
On February 19, 1991, the court, Hennessey, J., granted the defendant's motion to implead the National Casualty Company as a third-party defendant.
On March 1, 1991, the third-party plaintiff filed a third-party complaint in which he alleges that he was insured by the third-party defendant. In the first count, the third-party plaintiff alleges that the third-party defendant wrongfully disclaimed coverage and thus breached its insurance agreement. In the second count, the third-party plaintiff alleges that the third-party defendant intentionally and wrongfully disclaimed coverage and thus breached the covenant of good faith and fair dealing inherent in the insurance agreement. In the third count, the third-party plaintiff alleges that the third-party defendant sold the third-party plaintiff an illusory and valueless insurance policy, and that this constitutes a violation of the Connecticut Unfair Trade Practices Act, General Statutes 42-110(g), et seq.
On March 7, 1991, the defendant filed an answer to the first party complaint. CT Page 5311
On July 25, 1991, the third-party defendant filed an answer and the special defense that the insurance policy, pursuant to exclusion to), does not apply "to property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof or out of materials, parts or equipment furnished in connection therewith."
On August 28, 1991, the third-party plaintiff filed an amended reply to special defenses.
On September 13, 1991, the third-party plaintiff filed a motion for summary judgment as to the first count of the third-party complaint, a supporting memorandum, and a copy of the insurance agreement.
On September 27, 1991, the third-party defendant filed a cross-motion for summary judgment as to the first and second counts of the third-party complaint and a supporting memorandum.
"The function of the trial court in ruling on a motion for summary judgment is to determine whether there is a genuine issue as to any material fact. . . ." Town Bank and Trust Co. v. Bensen, 176 Conn. 304, 306, 407 A.2d 971 (1978). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party." Connell v. Colwell, 214 Conn. 242, 247, 571 A.2d 116 (1990). "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw, 193 Conn. 442, 445, 476 A.2d 582 (1984).
The third-party plaintiff argues that the exclusion is inapplicable in the present case because the exclusion applies "to property damage to work performed by. . . the named insured," and the complaint alleges damages to the plaintiff's property (his house), not to the property or work of the insured. Hence, he concludes that he is entitled to summary judgment. The third-party defendant counter argues that because the complaint alleges property damage to work performed by the third-party plaintiff, the exclusion is applicable and the third-party defendant's motion for summary judgment should be granted.
Cross-Motions on Count One — Breach of Insurance Agreement.
"An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract and enforced in accordance with the real intent of the parties as expressed in the language employed in the policy." CT Page 5312 Schultz v. Hartford Fire Ins. Co., 213 Conn. 696, 702,569 A.2d 1131 (1990).
In the present case, the "Additional Declarations" page of the policy issued by the third party defendant provides coverage under "Description of hazards" for "Steam Cleaning r/s." However, under the "Exclusions," section of the policy, it provides that "This insurance does not apply. . . to property damage to work performed by. . . the named insured arising out of the work or any portion thereof, or out of materials, parts, or equipment furnished in connection therewith."
Third-Party Defendant's Motion As To The Second Count.
The third-party defendant also moves for summary judgment as to the second count of the third-party complaint, in which it is alleged that the third-party defendant wrongfully disclaimed coverage and thus breached the covenant of good faith and fair dealing inherent in the insurance agreement.
 "[T]he implied covenant of good faith and fair dealing has been applied by this court [to] insurance contracts. . . The concept of good faith and fair dealing is `essentially. . . a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. The principle, therefore, cannot be applied to achieve a result contrary to the clearly expressed terms of a contract. . . ."'
Verrastro v. Middlesex Ins. Co., 207 Conn. 179, 190,540 A.2d 693 (1988).
Cross-Motions On Count One.
Connecticut Appellate Court or Supreme Court cases have not addressed the construction of exclusion (o), which is a standard clause found in many insurance policies.
The majority of out-of-state cases that have considered the effect of the exclusion, as applied to damages resulting from a contractor's work, have held that coverage is excluded.
For instance, in Uhock v. Sleitweiler, 13 Kan. App. 2d 621,778 P.2d 359 (1988), an exterminator was sued by homeowners who alleged that the exterminator had negligently failed to exterminate all of the termites and that termite damage resulted. The plaintiffs also garnished the exterminator's CT Page 5313 liability insurer, who disclaimed coverage under exclusion (o).
The court held:
 [T]his exclusionary language is unambiguous and is applicable in cases such as the one here. . . . The "work" referred to in the exclusion can only refer to the property treated by [the defendant]. . . .
 When an exterminator treats a home, warranties arise both under his contract with the owner and by operation of tort law. Since an exterminator can control the quality of his work, he is liable to the owner when the work is faulty. The risk that the exterminator may incur liability under warranty is a normal part of going business. The exterminator may obtain a performance bond or purchase a guarantee of contractual performance for repair or replacement of faulty workmanship.
 Under operation of law, a second type of risk that arises is injury to people and damage to property other than the work performed. Unlike the first type of risk, when liability is limited to the cost of replacement or repair, the duty imposed by law (tort liability) subjects the exterminator to unlimited liability. For this risk, the exterminator purchases liability insurance for bodily injury or property damage. Provisions of a general liability policy provide coverage only if the insured work or product actively malfunctions, causing injury to an individual or damage to another's property.
 In short. . . a general liability policy "is not a performance bond or a guarantee of contract performance."
Id., 364-65.
Several other courts have reached the same result through the application of the same analysis. See, e.g., Kold, Inc. v. CT Page 5314 U.S. Fidelity Guar. Co., 496 So.2d 1338 (La.App. 3rd Cir., 1986) (exclusion (o) excludes coverage where an air conditioning contractor negligently serviced a compressor and further damage resulted); Western World Ins. Co. v. Carrington, 369 S.E.2d 128
(N.C.App. 1988) (exclusion (o) excludes coverage where a water-proofing contractor performed his work negligently and the building had to be re-water-proofed). See also Weedo v. Stone-E-Brick, Inc., 81 N.J. 233, 405 A.2d 233 (1979).
However, in Hurtig v. Terminix Wood Treating Contract,67 Haw. 480, 692 P.2d 1153 (1984), a divided court addressed facts identical to those of Uhock v. Sleitweiler, supra, but reached the opposite result. The majority stated:
 Exclusion (o) only excludes `property damage to work performed.' Insurers claim that the work performed is a termite free home. They conclude that exclusion (o) excludes property damage to the home. We disagree. . . . The work that Terminix carried out was inspection of the house and application of chemicals. Terminix did not carry out a termite tree house. Therefore, exclusion (o) must be held to only exclude damages to the inspection and application of chemicals.
Id., 1154.
The third-party plaintiff relies upon two cases, Heldor Indus. v. Atlantic Mut. Inc., 229 N.J. Super. 390, 551 A.2d 1001
(N.J.Super. A.D. 1988) and United Properties, Inc. v. Home Ins. Co., 311 N.W.2d 689 (Iowa App., 1981), to construe exclusion (o) as requiring that the damaged property must be the insured's product in order for coverage to be excluded. However, these cases actually refer to exclusion (n), which covers property damage to the insured's products.
In the present case, the third-party plaintiff, in his answer to the plaintiff's complaint, admits that he performed power washing services at the plaintiff's house. The third-party plaintiff, in his amended reply to special defenses, admits the existence of exclusion (o).
Hence, the third-party plaintiff's motion is denied and the third-party defendant's motion is granted because, as discussed above, no genuine issue of material fact exists and the third-party defendant is entitled to judgment as a matter of law. CT Page 5315
Third-Party Defendant's Motion As To The Second Count.
Verrastaro v. Middlesex Ins. Co., supra, states that the implied covenant of good faith and fair dealing is a rule of construction that fulfills the expectations of the contracting parties, so the covenant cannot be used to reach a result "contrary to the clearly expressed terms of a contract."
All of the above cited cases which have construed exclusion (o) have found the exclusion to be unambiguous. Hence, the insured could not reasonably have expected coverage in instances where exclusion (o) applies. Given the uncontroverted material facts stated above, the third-party defendant's motion is granted because, as discussed above, no genuine issue of material fact exists and the third-party defendant is entitled to judgment as a matter of law.
BURNS, JUDGE