KENNETH E. SMITH AND H. CLARICE SMITH, PLAINTIFFS v. STATE FARM FIRE AND CASUALTY COMPANY, AN ILLINOIS CORPORATION, DEFENDANT

No. 9118SC1030

(Filed 16 February 1993)

Insurance § 724 (NCI4th) — homeowner's policy — installation of new floor — asbestos dust — summary judgment for defendant

The trial court did not err by granting summary judgment for defendant insurance company where asbestos dust was spread throughout plaintiff's house during the removal of existing vinyl flooring; the homeowners sued the company which removed the old floor and installed the new and obtained a judgment which was paid; plaintiffs sued defendant under their

SMITH v. STATE FARM FIRE AND CASUALTY CO.

[109 N.C. App. 77 (1993)]

homeowner's policy; and that policy contains a workmanship exclusion. This case involves a homeowner's policy, unlike *Western World Ins. Co. v. Carrington*, 90 N.C. App. 520, which involved a commercial policy. A common sense reading of this policy excludes any loss to property caused by faulty workmanship, renovation, or remodeling and does not limit exclusion of damage to work product. The damage here falls into the *workmanship exclusion of this policy.*

**Am Jur 2d, Insurance §§ 461, 504.**

**Property damage insurance: what constitutes "contamination" within policy clauses excluding coverage. 72 ALR4th 633.**

**Property damage resulting from inadequate or improper design or construction of dwelling as within coverage of "all risks" homeowner's insurance policy. 41 ALR4th 1095.**

Appeal by plaintiffs from judgment entered 9 July 1991 by Judge W. Steve Allen in Guilford County Superior Court. Heard in the Court of Appeals 15 October 1992.

During the summer of 1988 Kenneth and Clarice Smith contracted with Carpets By Direct, Inc. (CBD) to, among other things, install a new vinyl floor in their kitchen. On 4 February 1989 workmen for CBD removed the existing vinyl flooring in the Smith's kitchen and used a belt sander to remove the remaining residual backing from the plywood subfloor. The backing contained asbestos. The sanding caused large amounts of asbestos dust to be spread throughout the Smith's home. Shortly after determining that asbestos dust had been dispersed throughout their home, the Smiths filed a claim against their homeowner's insurance policy issued by State Farm Fire and Casualty Company (State Farm). State Farm denied coverage. The Smiths ultimately hired a licensed asbestos abatement contractor to clean their home and personal property. The cleanup entailed removing the carpeting, drapes, appliances, furnace and the heating and air conditioning ducts. The cleanup also required that the majority of the Smith's personal property be disposed of as hazardous waste.

The Smiths sued CBD for breach of contract and recovered a jury verdict of $50,020 based on damages to real and personal property, loss of use of real and personal property, and for the cost of medical monitoring. CBD paid the Smiths the judgment.

On 2 February 1990 the Smiths sued State Farm under their homeowner's policy. On 16 May 1991 the Smiths made a motion for partial summary judgment seeking resolution of the liability issues. Four days later State Farm filed a cross motion for summary judgment. On 9 July 1991 the trial court denied the Smiths' motion and entered judgment in favor of State Farm.

The plaintiffs appeal.

*Haywood, Denny, Miller, Johnson, Sessoms & Patrick, by Michael W. Patrick, for the plaintiff-appellants.*

*Frazier, Frazier & Mahler, by James D. McKinney, for the defendant-appellee.*

EAGLES, Judge.

In their first assignment, appellants argue that the trial court erred by granting the defendant's motion for summary judgment. Specifically, appellants argue that the asbestos damage was a physical loss to property which was not excluded from coverage. We disagree and affirm.

"In interpreting the relevant provisions of the insurance policy at issue, we are guided by the general rule that in the construction of insurance contracts, any ambiguity in the meaning of a particular provision will be resolved in favor of the insured and against the insurance company." *Maddox v. Colonial Life & Accident Ins. Co.*, 303 N.C. 648, 650, 280 S.E.2d 907, 908 (1981). However,

[n]o ambiguity . . . exists unless, in the opinion of the court, the language of the policy is fairly and reasonably susceptible to either of the constructions for which the parties contend. If it is not, the court must enforce the contract as the parties have made it and may not, under the guise of interpreting an ambiguous provision, remake the contract and impose liability upon the company which it did not assume and for which the policy holder did not pay.

*Waste Management of Carolinas, Inc. v. Peerless Ins. Co.*, 315 N.C. 688, 694, 340 S.E.2d 374, 379, *reh'g denied*, 316 N.C. 386, 346 S.E.2d 134 (1986) (quoting *Wachovia Bank & Trust Co. v. Westchester Fire Ins. Co.*, 276 N.C. 348, 354, 172 S.E.2d 518, 522 (1970)). This is so even though "[e]xclusionary clauses are not favored and must be narrowly construed. The court . . . must interpret

the policy as written and may not disregard the plain meaning of the policy's language." *Western World Ins. Co., Inc. v. Rodney Corp.*, 90 N.C. App. 520, 523, 369 S.E.2d 128, 129-30 (1988) (citations omitted). "[T]he goal of construction is to arrive at the intent of the parties when the policy was issued." *C.D. Spangler Constr. Co. v. Industrial Crankshaft & Eng'g Co., Inc.*, 326 N.C. 133, 142, 388 S.E.2d 557, 562-63 (1990) (quoting *Woods v. Nationwide Mut. Ins. Co.*, 295 N.C. 500, 505, 246 S.E.2d 773, 777 (1978)).

Here, State Farm's policy contains the following language:

SECTION I—EXCLUSIONS

* * *

2. We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.

* * *

c. **Faulty, inadequate or defective:**

(1) planning, zoning, development, surveying, siting;

(2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

(3) materials used in repair, construction, renovation or remodeling; or

(4) maintenance;

of part or all of any property whether on or off the **residence premises.**

Appellants argue that this "workmanship" exclusion is inapplicable "because [they] are seeking to recover only for their ensuing losses and not for any loss directly due to the defective workmanship." In other words, the appellants argue that "[t]he exclusion itself makes a distinction between losses directly due to defective workmanship and those losses ensuing from such defective workmanship." To support their contention, appellants cite *Western World Ins. Co. v. Carrington*, 90 N.C. App. 520, 369 S.E.2d 128 (1988).

"Although it is possible to perceive ambiguity in the policy language, it strains at logic to do so." *Waste Management*, 315

N.C. at 695, 340 S.E.2d at 379. A common sense reading of that language reveals that the first paragraph of the disputed exclusion means that State Farm's policy does not provide coverage for property loss caused by any event listed under paragraph 2. However, the policy does provide coverage for any ensuing loss, one following entry into the contract, which is not excluded. We agree with State Farm's contention that "[t]he exclusion obviously contemplates that the person or company performing the faulty or negligent work should be the ones (sic) responsible for any resulting damages (sic)." Moreover, we note that that is exactly what has happened here. The appellants sued CBD and recovered for the damage caused by the faulty renovation.

Appellants argue, however, that *Western World* explains the difference between "losses directly due to defective workmanship and those losses ensuing from such defective workmanship."

In *Western World*, the defendant Carrington performed waterproofing work as a subcontractor on a building and parking deck project in which the defendant Clancy & Theys was the general contractor. Carrington was insured under a commercial liability insurance policy issued by the plaintiff at the time the waterproofing was performed. After completion of the project water was discovered leaking through the top level of the parking deck. The water caused damage to several cars in the lower deck and some cracking of concrete slabs. Clancy & Theys sued Carrington. Carrington, in turn, called upon the plaintiff to defend the lawsuit. The plaintiff argued that it did not provide coverage for the damage and filed a declaratory judgment action seeking determination of the parties rights under the policy.

On appeal, this court was faced with interpretation of a work product exclusion contained in the policy issued by the plaintiff. The policy exclusion at issue provided that the insurance involved did not apply:

    (o) to property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith.

*Id.* at 522, 369 S.E.2d at 129. In determining that no coverage was provided our Court stated:

Here, the record shows that the damages sought against Carrington are those costs incurred in replacing his allegedly defective waterproofing system with an effective waterproofing system. Therefore, the claim is excluded from the policy's coverage.

Defendants contend that exclusion (o) does not apply and cite several cases . . . in support of their argument.

\* \* \*

In all of those cases, the damages claimed were for damage to property other than that of the insured, which was caused either by the defective work or product, or the need to repair or replace that work or product. In this case, from the record before us it is clear that Clancy & Theys is not seeking damages for diminution in the structure's value, or costs for repairing the cracking in the concrete, or costs for any damage to its own property caused by the allegedly defective waterproofing. Clancy & Theys only claim is for costs incurred in substituting or replacing the protective functions which Carrington's original waterproofing work should have provided. The damages sought are solely for bringing the quality of the insured's work up to the standard bargained for. Consequently, the policy provides no coverage for the claim.

*Western World*, 90 N.C. App. at 524-25, 369 S.E.2d at 130-31.

The case *sub judice*, unlike *Western World*, does not involve a commercial liability insurance policy. Rather, it involves interpretation of a homeowner's policy. Moreover, as we indicated above, a common sense reading of paragraph 2 of the State Farm policy does not limit exclusion of damage to work product, but rather excludes any loss to property caused by the faulty workmanship, renovation or remodeling. Accordingly, we hold that *Western World* does not control the instant case.

Having determined that the exclusion does not "itself make[ ] a distinction between losses directly due to defective workmanship and those losses ensuing from such defective workmanship[,]" and that *Western World* does not control this case, we must next determine whether the exclusion specifically covers the situation presented here. The appellants admit in their brief's statement of facts that they contracted to install a new vinyl floor in their kitchen because they were "in the process of renovating their home in order to

sell it the following summer." The asbestos damage occurred while the renovations were taking place and were directly caused by the improper removal of the original vinyl floor. Therefore, the damage falls into subparagraph c.(2) of the "workmanship exclusion" which excludes from coverage damages caused by faulty, inadequate, or defective "design, specifications, *workmanship*, repair, construction, *renovation, remodeling*, grading, [or] compaction[.]" (Emphasis ours.)

Because of our disposition of appellants' first assignment of error we do not reach their remaining arguments or assignments.

Affirmed.

Judges ORR and JOHN concur.