NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, PLAINTIFF v. CHERYL FOWLER, BY AND THROUGH HER GUARDIANS, SHIRLEY AND GARY RUDISILL, SHIRLEY RUDISILL, INDIVIDUALLY, GARY RUDISILL, INDIVIDUALLY, AND ADAM FOWLER, DEFENDANTS

No. COA03-311

(Filed 6 January 2004)

## 1. Insurance— homeowners—coverage for bodily injury to insured

The trial court did not err by granting summary judgment in favor of plaintiff insurance company on the issue of whether the pertinent homeowner policy provided insurance coverage for the judgment obtained in 97 CVS 11417 for bodily injury to a wife caused by her husband, because: (1) the policy provides clear

language that coverage for personal liability does not apply to a "named insured" or "insured;" and (2) the wife was both a named insured and an insured under the policy.

**2. Costs— insurance company—reasonable expectation— summary judgment**

The trial court did not err by concluding that plaintiff insurance company was entitled to judgment as a matter of law on the issue of whether the insurance company was required to pay the costs assessed against an insured husband in 97 CVS 11417 for which there was no liability coverage under the pertinent homeowners policy, because plaintiff defended the husband under full reservation of rights and there was no reasonable expectation that plaintiff would pay costs incurred in a lawsuit for which there was no coverage.

Appeal by defendants from judgment entered 3 December 2002 by Judge Evelyn W. Hill in Wake County Superior Court. Heard in the Court of Appeals 20 November 2003.

*Patterson Dilthey Clay Bryson & Anderson, LLP, by Reid Russell, for plaintiff-appellee.*

*James R. Ansley for defendant-appellants.*

STEELMAN, Judge.

Defendants, Cheryl and Adam Fowler and Shirley and Gary Rudisill, appeal an order granting summary judgment in favor of plaintiff on the issue of insurance coverage. For the reasons discussed herein, we affirm.

On 28 October 1994, Adam Fowler became involved in an argument with his wife, Cheryl Fowler, at their marital residence located in Wake County. During the course of the encounter, Adam Fowler injured Cheryl Fowler, causing her to suffer severe head injuries. She was diagnosed with a subdural hematoma and underwent an emergency right frontal partial craniotomy. The incident left Cheryl with a loss of motor skills, strength, and coordination. Cheryl has limited short-term memory, limited sight and difficulties in maintaining concentration.

Cheryl's parents, defendants Gary and Shirley Rudisill, both individually and as guardians of Cheryl, filed an action against Adam Fowler on 7 October 1997, seeking recovery for injuries to Cheryl and

economic and emotional injuries suffered by the Rudisills (Wake County case # 97 CVS 11417). Cheryl Fowler was awarded a judgment in the amount of $997,760 based solely upon the negligence of Adam Fowler for failure to seek timely medical care for his wife. Costs were assessed against Adam Fowler in the amount of $11,295.99

Plaintiff, North Carolina Farm Bureau Mutual Insurance Company, had issued a homeowner's policy to Adam and Cheryl Fowler for their residence. This policy was in effect on 28 October 1994. During the pendency of 97 CVS 11417, plaintiff filed this action on 3 January 2000, seeking a declaratory judgment to determine whether Adam Fowler's homeowner's insurance policy provided coverage for his acts involving Cheryl Fowler (00 CVS 16). Plaintiff filed a motion for summary judgment. This motion was continued pending the resolution of case 97 CVS 11417. On 3 December 2002, the trial court granted summary judgment in favor of plaintiff, ruling that the policy issued by plaintiff did not afford Adam Fowler any insurance coverage under his homeowner's policy for the judgment obtained in 97 CVS 11417. Defendants Cheryl Fowler and Gary and Shirley Rudisill appeal.

[1] In their sole assignment of error, defendants argue that the trial court erred in granting summary judgment in favor of plaintiff. We disagree.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2001). The moving party bears the burden of demonstrating the lack of triable issues of fact. *Koontz v. City of Winston-Salem*, 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972). Once the movant satisfies its burden of proof, the burden then shifts to the non-movant to present specific facts showing triable issues of material fact. *Lowe v. Bradford*, 305 N.C. 366, 369-70, 289 S.E.2d 363, 366 (1982). On appeal from summary judgment, "we review the record in the light most favorable to the non-moving party." *Bradley v. Hidden Valley Transp., Inc.*, 148 N.C. App. 163, 165, 557 S.E.2d 610, 612 (2001), *aff'd*, 355 N.C. 485, 562 S.E.2d 422 (2002) (citing *Caldwell v. Deese*, 288 N.C. 375, 378, 218 S.E.2d 379, 381 (1975)).

In the instant case, the policy contains Coverage E for Personal Liability, which provides:

If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** caused by an **occurrence** to which this coverage applies, we will:

1. pay up to our limit of liability for the damages for which the **insured** is legally liable; and

2. provide a defense at our expense by counsel of our choice[.]

(Emphasis in original). In addition to the coverage provisions, the policy also contained exclusions to coverage which included the following language:

**Coverage E—Personal Liability,** does not apply to:

. . . .

f. **bodily injury** to you or an **insured** within the meaning of part a. or b. of "**insured**" as defined.

(Emphasis in original). An "insured" is defined in the policy as "you and residents of your household who are: a. your relatives; or b. other persons under the age of 21 and in the care of any person named above."

Further, "you" and "your" refer to the "named insured" and the spouse if a resident of the same household. Adam and Cheryl Fowler were both shown as "named insureds" on the declarations page of the policy. The terms "you" and "insured" as used in the above exclusion are each applicable to Cheryl Fowler.

Defendants contend that the language in the coverage portion of the policy and the exclusions are in conflict, resulting in an ambiguity in the policy that was not proper for resolution by summary judgment.

The fundamental rule in interpreting insurance policies is that the language of the policy controls. *Nationwide Mut. Ins. Co. v. Mabe,* 115 N.C. App. 193, 198, 444 S.E.2d 664, 667 (1994), *aff'd,* 342 N.C. 482, 467 S.E.2d 34 (1996). When an insurance policy contains ambiguous provisions, the ambiguity is resolved in favor of coverage. *Id.; Grant v. Emmco Ins. Co.,* 295 N.C. 39, 43, 243 S.E.2d 894, 897 (1978). However, if the terms of an insurance policy are not ambiguous, "the court must enforce the policy as written and may not reconstruct [it] under the guise of interpreting an ambiguous provision." *Mabe,* 115 N.C. App. at 198, 444 S.E.2d at 667 (citation omitted). "[L]anguage in an insurance contract is ambiguous only if the language is 'fairly and

reasonably susceptible to either of the constructions for which the parties contend.' " *Wachovia Bank & Trust Co. v. Westchester Fire Ins. Co.*, 276 N.C. 348, 354, 172 S.E.2d 518, 522 (1970)).

"Exclusionary clauses are not favored and must be narrowly construed. The court, however, must interpret the policy as written and may not disregard the plain meaning of the policy's language." *Western World Ins. Co. v. Carrington*, 90 N.C. App. 520, 523, 369 S.E.2d 128, 130 (1988) (citations omitted).

"In [an] insurance policy, [an] 'exclusion' is [a] provision which eliminates coverage where were it not for [the] exclusion, coverage would have existed." *Black's Law Dictionary*, 563 (6th ed. 1990) (citing *Kansas-Nebraska Natural Gas Co. v. Hawkeye-Security Ins. Co.*, 240 N.W.2d 28, 31 (Neb. 1976)). By definition, an exclusion limits the extent of the coverage set forth in an insurance policy. Simply because an exclusion limits coverage, however, does not, by itself, create an ambiguity in the policy.

Here, the language of the exclusion is clear and unambiguous. It states plainly and succinctly that Coverage E, Personal Liability, does not apply to a "named insured" or "insured." Cheryl Fowler was both a named insured and an insured under the policy. There was thus no coverage under the policy for the injuries received by Cheryl Fowler on 28 October 1994. Other jurisdictions have construed similar exclusions contained in homeowner's insurance policies in this manner. *See Commercial Union Ins. Co. v. Alves*, 677 A.2d 70 (Me. 1996); *Zeringue v. Zeringue*, 654 So. 2d 721 (La. App. 1995), *cert. denied*, 661 So.2d 471 (La. 1995); *United Fire & Casualty Co. v. Reeder*, 9 F.3d 15 (5th Cir. 1993); *Shelter Mut. Ins. Co. v. Haller*, 793 S.W.2d 391 (Mo. App. 1990). We hold that the trial court did not err in granting summary judgment in favor of plaintiff on the issue of whether the policy provided liability coverage for the injuries to Cheryl Fowler.

[2] Further, we hold that the trial court correctly ruled that there was no genuine issue of material fact and that plaintiff was entitled to judgment as a matter of law on the issue of costs. The Additional Coverage portion of the policy contains the following provision:

[I]n addition to the limits of liability:

**Claim Expenses**. We pay:

a. Expenses we incur and costs taxed against an **insured** in any suit we defend[.]

N.C. FARM BUREAU MUT. INS. CO. v. FOWLER

[162 N.C. App. 100 (2004)]

(Emphasis in original). In case 97 CVS 11417, plaintiff defended Adam Fowler under a reservation of rights. Adam Fowler executed a non-waiver agreement, which provided:

> no action heretofore or hereafter taken by [plaintiff] shall be construed as a waiver of the right of [plaintiff], if in fact it has such right, to deny liability and withdraw from the case; also, that by the execution of the agreement [Adam Fowler] does not waive any rights under the Policy.

The issue presented, one of first impression in North Carolina, is whether the above-cited provision requires plaintiff to pay the costs assessed against Adam Fowler in 97 CVS 11417 for which there was no liability coverage under the policy. In *Massachusetts Bay Ins. Co. v. Gordon*, 708 F. Supp. 1232 (W.D. Okla. 1989), one of the insureds under a homeowner's policy sought to have the insurer indemnify him in a prior action for civil assault. In denying his claim, the court held:

> However, no clause can be read or construed in isolation from the entire policy. The construction of a policy should be a natural and reasonable one; the policy must be fairly construed to effectuate its purpose, and viewed in light of common sense so as not to bring about an absurd result. . . . [T]his clause does not create any reasonable expectation that the insurer will pay the costs of an action based on an incident not covered by the policy, and which it has no duty to defend.

708 F. Supp 1234-35. *See also Grant v. Emmco Ins. Co.*, 295 N.C. 39, 42, 243 S.E.2d 894, 897 (1978) (stating that insurance policy should be interpreted in accord with the reasonable expectations of the insured). We find the reasoning of the *Massachusetts Bay* court persuasive. In the instant case, there was no coverage under the policy for Cheryl's injuries. Plaintiff defended Adam Fowler under full reservation of rights. There was no reasonable expectation that plaintiff would pay costs incurred in a lawsuit for which there was no coverage. Defendant's assignment of error is without merit and the trial court's order is affirmed.

AFFIRMED.

Judges HUDSON and TYSON concur.