ROBERT C. HODGE, AND WIFE LAURA R. HODGE, PLAINTIFFS v. CLYDE HARKEY, SR., CLINE OIL COMPANY, INC., ROBERT D. CLINE, B AND M INVESTMENTS, INC., AND MARY MARGARET STEEL POWELL, DEFENDANTS

No. COA05-1416

(Filed 20 June 2006)

**Statutes of Limitation and Repose— land contamination—last acts or omissions—repair work**

The trial court did not err by granting defendants' motion for summary judgment in an action arising out of petroleum contamination of the soil and groundwater of plaintiffs' property based on the ten-year statute of repose under N.C.G.S. § 1-52(16), because: (1) the last act giving rise to liability in land contamination cases for purposes of N.C.G.S. § 1-52(16) is the last date the party owned the offending property in which underground storage tanks (UST) were buried, owned a UST located on the property, or delivered gasoline to a UST, and defendants' last acts or omissions occurred more than ten years prior to the filing of this suit; (2) plaintiffs cite to no statutory authority which creates in defendants an ongoing responsibility, and the Court of Appeals lacks the authority to impose such an obligation; (3) the repair work defendants did in response to the North Carolina Department of Environment and Natural Resources's regulatory requirements did not begin the running of the statute of repose anew when the ten-year statute of repose had already expired prior to 2000 when these defendants took their remedial actions, and to allow the statute of repose to toll or start running anew each time a repair is made would subject a defendant to potential open-ended liability for an indefinite period of time; and (4) the fact that plaintiffs did not discover that their land was contaminated until after the statute of repose had expired does not extend their time for filing suit.

Appeal by plaintiffs from judgment entered 22 August 2005 by Judge Larry G. Ford in Rowan County Superior Court. Heard in the Court of Appeals 17 May 2006.

*Hopf & Higley, P.A., by James F. Hopf, Donald S. Higley, II, and Charles C. Edwards, Jr., for plaintiffs-appellants.*

*The Law Offices of F. Bryan Brice, Jr., by Heather L. Spurlock and F. Bryan Brice, Jr., for defendant-appellee Harkey.*

*Hartsell & Williams, P.A., by J. Merritt White, III and Christy E. Wilhelm, for defendant-appellees Cline Oil Company, Inc., B and M Investments, Inc., and Robert D. Cline.*

STEELMAN, Judge.

Robert C. Hodge and his wife, Laura (plaintiffs), appeal an order of the trial court granting Clyde Harkey, Sr., Cline Oil Company, Inc., Robert D. Cline, and B and M Investments, Inc.'s (defendants) motion for summary judgment. For the reasons stated herein, we affirm.

This action arises out of the petroleum contamination of the soil and groundwater of plaintiffs' property located adjacent to a commercial parcel of land owned by defendant Mary Margaret Steel Powell (Powell). Powell leased the land to defendant Clyde Harkey, Sr. (Harkey) from 1976 until 1988. During this period, Harkey operated a retail convenience store known as the Community Cash & Carry. As part of the business, Harkey sold petroleum products. Underground storage tanks (UST) and UST systems were located and operated at the Cash & Carry site for the storage of gasoline and other petroleum products until 1988, when the USTs were removed from the site. Defendant Powell contracted with defendants Cline and Cline Oil Co., now B & M Investments, (hereinafter "Cline") to service the site with petroleum products from 1976 until 1988.

On 8 November 2000, the North Carolina Department of Environment and Natural Resources (DENR) discovered that petroleum products had been released from the USTs at the Cash and Carry site and contaminated plaintiffs' property and water supply. Plaintiffs received notification of the contamination on 15 November 2000 from DENR. Thereafter, defendants Harkey, Cline, and Cline Oil Co. received a series of notices from DENR that they were responsible parties and ordered them to take action with respect to the contamination. As part of the remedies DENR ordered, defendant Harkey constructed a new water supply well for plaintiffs, and defendant Cline provided bottled water during the interim.

On 8 September 2003 plaintiffs filed this action. On 13 December 2004 plaintiffs voluntarily dismissed with prejudice their claims against Powell. Defendants Harkey and Cline moved for summary judgment on all claims, asserting the ten-year statute of repose under N.C. Gen. Stat. § 1-52(16) as a bar to the action. The trial court granted summary judgment on all claims against defendants Harkey and Cline. Plaintiffs appeal.

"[T]he standard of review on appeal from summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law." *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998); *see also* N.C. Gen. Stat. § 1A-1, Rule 56(c) (2006). The party moving for summary judgment bears the burden of establishing the lack of any triable issue of fact. *N.C. Farm Bureau Mut. Ins. Co. v. Fowler*, 162 N.C. App. 100, 102, 589 S.E.2d 911, 913 (2004). The moving party may meet this burden by showing that the "plaintiff cannot surmount an affirmative defense raised in bar of its claim." *Lyles v. City of Charlotte*, 120 N.C. App. 96, 99, 461 S.E.2d 347, 350 (1995), *rev'd on other grounds*, 344 N.C. 676, 477 S.E.2d 150 (1996). When reviewing the evidence, this Court must view it in the light most favorable to the nonmoving party. *Fowler*, 162 N.C. App. at 102, 589 S.E.2d at 913.

In defendants' motion for summary judgment, they asserted plaintiffs' claims were time barred by the statute of repose. N.C. Gen. Stat. § 1-52(16) (2006) provides:

> for personal injury or physical damage to claimant's property, the cause of action, . . . shall not accrue until bodily harm to the claimant or physical damage to his property becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs. *Provided that no cause of action shall accrue more than 10 years from the last act or omission of the defendant giving rise to the cause of action.*

(emphasis added). The plain language of the statute indicates that in cases involving property damage, no cause of action may be brought more than ten years after the defendant's last act or omission. A complaint which seeks to impose liability upon a previous landowner or operator for adjoining land contamination constitutes an action for physical damage to claimant's property, and is thus governed by N.C. Gen. Stat. § 1-52(16). *See Wilson v. McLeod Oil Co.*, 327 N.C. 491, 512-13, 398 S.E.2d 586, 597 (1990).

In *Wilson*, our Supreme Court considered the application of this particular statute of repose in the context of groundwater contamination. The plaintiffs sued the adjoining landowners for contamination of their well water. *Id.* at 498, 398 S.E.2d at 588. The defendants filed third-party complaints against the previous owners, Hilda Baxter, individually and in her capacity as personal representative of the estate of her husband, and against Alamance Oil Company, which

supplied gasoline to USTs located on the offending property and who also owned the property at one time. *Id*. The Supreme Court affirmed the trial court's grant of summary judgment on all claims against Baxter and Alamance because the complaints were filed more than ten years after the Baxters sold the property and when Alamance last serviced the USTs. *Id*. at 512-13, 398 S.E.2d at 597. Thus, they were barred by N.C. Gen. Stat. § 1-52(16). *Id*.

Likewise, plaintiffs' causes of action against defendants Cline and Harkey are also barred by the statute of repose in N.C. Gen. Stat. § 1-52(16). As to defendants Cline, they removed the USTs from the property in 1988 and ceased delivering petroleum products to the site at that time. Thus, their last act or omission which could give rise to a cause of action occurred in 1988. Harkey's lease of the property ended in 1988. Since that time he has had no involvement with that property. Thus, his last act or omission which could give rise to a cause of action occurred in 1988. Plaintiffs' filed this suit in 2003. Since both Cline and Harkey's last acts or omissions occurred more than ten years prior to the filing of this action, all of plaintiffs' claims against both parties are barred by the statute of repose found in N.C. Gen. Stat. § 1-52(16). *See Id*. (concluding "*any action*" against Alamance, the gasoline provider, was barred by the statute of repose found in N.C. Gen. Stat. § 1-52(16)) (emphasis added); *Davidson v. Volkswagenwerk, A.G.*, 78 N.C. App. 193, 194, 336 S.E.2d 714, 716 (1985) (holding under similar statute of repose that language "*no action . . . shall* be brought . . .," prohibited further suit for any other type of claim) (emphasis in original).

Plaintiffs contend, however, their action is not barred by the statute of repose because defendants have an ongoing responsibility for the contamination and therefore, defendants have yet to perform the last act or omission for purposes of the application of the statute of repose. We disagree. Plaintiffs cite to no statutory authority which creates in defendants an "ongoing responsibility," nor was this Court able to discover any. Further, this Court lacks the authority to impose such an obligation.

In addition, plaintiffs contend the repair work defendants did in response to DENR's regulatory requirements began the running of the statute of repose anew. Our Supreme Court has articulated the events that toll the statute of repose in order to determine whether any such event has occurred within ten years of the filing of the action. These events are the last date a party owned the property in which USTs were buried, owned a UST, or delivered gasoline into a USTs. *Wilson,*

327 N.C. at 514, 398 S.E.2d at 597-98. In the instant case, the ten-year statute of repose had already expired prior to 2000 when these defendants took their "remedial" actions. Any subsequent activity by either defendant cannot expand the statute of repose, regardless of who required that the remedial action be taken.

This Court has previously held that a statute of repose containing "no action" language barred all claims, including claims seeking to extend liability for subsequent repairs or remedial measures. *See Whitehurst v. Hurst Built, Inc.*, 156 N.C. App. 650, 577 S.E.2d 168 (2003); *Monson v. Paramount Homes, Inc.*, 133 N.C. App. 235, 515 S.E.2d 445 (1999). We find these cases instructive and applicable to the issue presented in the instant case. In *Monson*, this Court analyzed the statute of repose provided for in N.C. Gen. Stat. § 1-50(5) for improvements to real property and held "a 'repair' does not qualify as a 'last act' under N.C. Gen. Stat. § 1-50(5) [sic] unless it is required under the improvement contract by agreement of the parties." 133 N.C. App. at 241, 515 S.E.2d at 450. We reasoned that "[t]o allow the statute of repose to toll or start running anew each time a repair is made would subject a defendant to potential open-ended liability for an indefinite period of time, defeating the very purpose of statutes of repose such as N.C. Gen. Stat. § 1-50(5)[sic]." *Id.* at 240, 515 S.E.2d at 449. As enunciated in *Wilson*, the last act giving rise to liability in land contamination cases for purposes of N.C. Gen. Stat. § 1-52(16) is the last date the party owned the offending property in which USTs were buried, owned a UST located on the property, or delivered gasoline to a UST. *Wilson*, 327 N.C. at 513-14, 398 S.E.2d at 597-98. The only action defendant Harkey took after 1988 was to install a replacement well for plaintiffs, which does not fit within any of the acts listed in *Wilson*. Rather, Harkey's action is more akin to a repair. Defendant Cline performed no repairs, but did provide drinking water for plaintiffs. We are bound by the holdings in *Monson*, *Whitehurst*, and *Wilson*. *In the matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). Thus, neither of these actions can be classified as a "last act or omission" under N.C. Gen. Stat. § 1-52(16).

Based on the plain language of N.C. Gen. Stat. § 1-52(16), our Supreme Court's decision in *Wilson*, and this Court's decision in *Monson*, we conclude the trial court did not err in granting defendants Harkey and Cline's motions for summary judgment as to all claims since plaintiffs' action is barred by an affirmative defense, the statute of repose.

The fact plaintiffs did not discover that their land was contaminated until after the statute of repose had expired does not extend their time for filing suit. The statute of repose began to run upon Harkey and Cline's last act or omission, not when the contamination was first discovered. " 'Statutes of limitation are inflexible and unyielding. They operate inexorably without reference to the merits of plaintiff's cause of action. . . . It is not for us to justify the limitation period prescribed . . . . Suffice to say, this is a matter within the province of the General Assembly.' " *Hand v. Fieldcrest Mills, Inc.*, 85 N.C. App. 372, 381, 355 S.E.2d 141, 146 (1987) (quoting *Shearin v. Lloyd*, 246 N.C. 363, 370, 98 S.E.2d 508, 514 (1957)).

AFFIRMED.

Judge McGEE and Judge HUNTER concur.