WILKINSON, Circuit Judge,
dissenting:
I respectfully dissent. The district court properly found that the defective construction meant the hotel was never in an undamaged state and thus did not suffer “property damage” under the terms of the Policy.* North Carolina law clearly resolves what constitutes property damage under the Policy. See Wm. C. Vick Constr. Co. v. Pa. Nat’l Mut. Cas. Ins. Co., 52 F.Supp.2d 569, 580-83 (E.D.N.C.1999), aff'd 213 F.3d 634 (4th Cir.2000); Hobson Constr. Co. v. Great Am. Ins. Co., 71 N.CApp. 586, 322 S.E.2d 632, 635 (App. 1984). Since Miller has failed to show that property damage has occurred under the terms of the Policy, the district court properly granted summary judgment to Travelers.
I.
The Policy provides that “[tjhis insurance applies to ‘bodily injury’ and ‘property damage’ only if ... [tjhe ‘bodily injury’ or ‘property damage’ is caused by an ‘occurrence.’ ” The Policy defines property damage as “[pjhysical injury to tangible property, including all resulting loss of use *438 of that property; or ... [l]oss of use of tangible property that is not physically injured.”
To be considered property damage under North Carolina law, “the property allegedly damaged has to have been undamaged or uninjured at some previous point in time.” Vick, 52 F.Supp.2d at 582. Damages based solely on faulty workmanship do not constitute property damage under a standard comprehensive general liability policy. Hobson Constr. Co., 322 S.E.2d at 635.
Interpreting the facts in the light most favorable to Miller, the district court properly found that the extensive damage caused by defective construction meant the hotel as a whole was never in an undamaged condition. This defective workmanship included the improper installation of the post-tensioning cable system that caused the hotel’s concrete framework to crack and buckle, and the improper application of the exterior wall finish and the improper installation of doors and windows that led to extensive water damage.
The majority contends that the guestroom carpeting was undamaged at the time it was installed and therefore holds that the subsequent water damage to the carpeting constitutes covered property damage under the Policy. The problem with that view is that the water damage to the carpeting was a direct consequence of the improperly applied exterior wall finish and improperly installed doors and windows. This damage is substantively an extension of the defective workmanship. Admittedly, Miller neither built the windows and doors nor wove the carpet. But this fact does not matter. Defective workmanship during the installation of these items caused the windows, doors, and carpet to suffer significant damage during inclement weather well before the hotel was completed. The majority seeks to create an expansive understanding of property damage by attempting to parse defective workmanship from its direct consequences. But the damage here is ultimately part and parcel of the defective workmanship. The hotel was in an unusable, damaged state from its inception because of the defective workmanship, and therefore none of the damages are covered as property damage under the Policy.
II.
Faulty workmanship and “property damage” are quite different things. Finding that “property damage” has occurred here effectively transforms a commercial general liability insurance policy into a performance bond. Neither party contracted into such an arrangement, and Miller Building Corporation may now receive a windfall for a very poor job of construction. Even if Travelers had agreed to assume such a sweeping risk, Miller Building Corporation would have had to pay a substantially higher premium to enjoy this protection. By the plain language of this Policy the parties anticipated coverage to extend only to initially undamaged property. Appellants’ interpretation leaves language an unpredictable guide to coverage and liability. Unsettling commercial expectations created through clear contractual language is the bane of any system of insurance.

 The district court also found that no occurrence had taken place under the terms of the Policy. Since the absence of property damage resolves this case, I need not address this other ground for granting summary judgment.