NATIONWIDE MUTUAL FIRE INSURANCE COMPANY AND NATIONWIDE
    MUTUAL INSURANCE COMPANY v. JOHN W. ALLEN, FREDA P.
    ALLEN, KATHERYN E. PALAVID, COMMONWEALTH REALTY
    DEVELOPMENT CORPORATION D/B/A DUTCH VILLAGE APARTMENTS,
    A CORPORATION, AND LUMBERMENS MUTUAL CASUALTY COMPANY, A
    CORPORATION

No. 8326SC683

(Filed 1 May 1984)

1. **Insurance § 121— tenant-homeowner's policy—fire not caused by ownership or
   maintenance of motor vehicle—motorcycle kept in dead storage**
       A fire in defendant insured's apartment did not arise out of the "owner-
   ship" or "maintenance" of a motor vehicle (a motorcycle) so that the fire was
   excluded from coverage under a tenant-homeowner's insurance policy where
   the fire was caused by the male insured's handling of combustible materials in
   the immediate vicinity of ignition sources (an operating electrical battery
   trickle charger and an open light bulb as a timing light left upon a metal frame
   of the motorcycle). Further, the motor vehicle exclusion did not apply since the
   motorcycle was not subject to motor vehicle registration because it was "kept
   in dead storage on the residence premises" within the meaning of the policy.

2. **Appeal and Error § 24.1— inappropriate cross-assignment of error**
       A cross-assignment of error by defendants will not be considered where
   the appellate court upheld defendants' favorable judgment on plaintiff's appeal,
   since an appellee's cross-assignment of error can only be utilized in supporting
   the judgment from which appeal was taken. Appellate Rule 10(d).

APPEAL by plaintiff from *Cornelius, Judge*. Judgment en-
tered 6 March 1983 in Superior Court, MECKLENBURG County.
Heard in the Court of Appeals 11 April 1984.

*Kennedy, Covington, Lobdell & Hickman by Wayne P.
Huckel for plaintiff appellant.*

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston by
Irvin W. Hankins, III, for defendant appellees, Katheryn E.
Palavid, Commonwealth Realty Development Corporation and
Lumbermens Mutual Casualty Company.*

BRASWELL, Judge.

A fire occurred in the rented apartment of John and Freda
Allen in the Dutch Village Apartments complex. The Allens had
tenant-homeowner's insurance coverage with the plaintiff Nation-

wide Mutual Fire Insurance Company. Mrs. Allen was the owner of a 1973 Honda motorcycle. The other plaintiff, Nationwide Mutual Insurance Company, provided liability insurance coverage on the motorcycle before policy coverage expired on 10 October 1979. Defendant Katheryn E. Palavid leased an adjacent apartment to the Allens and her personal property was damaged by the fire. Defendant Commonwealth Realty Development Corporation, d/b/a Dutch Village Apartments, a Corporation, owned the apartment complex. Lumbermens Mutual Casualty Company was the fire insurance carrier for Ms. Palavid and Commonwealth Realty.

On 20 March 1980, a fire originated in the living room of the Allen apartment and damaged not only its interior, but the apartment structure, the adjacent apartments, and the contents of certain adjacent apartments. The plaintiffs sought a declaratory judgment to determine insurance coverage. The trial judge, based upon a finding of forty-five uncontested facts, concluded and adjudged as a matter of law that coverage was afforded under the policy of Nationwide Mutual Fire Insurance Company, that this company had a duty to provide a defense for the Allens in a related civil action, but that the policy excluded coverage for the fire damage to the interior of the Allen apartment itself and excluded any loss of use coverage of the Allen apartment. Damages were stipulated to be $7,575.26 to the Allen apartment and $46,951.33 to the other apartments.

The plaintiff, Nationwide-Fire, appeals. The defendants cross-assign error on the denial of coverage on the Allen apartment loss, but did not appeal. No mention of disposition is made in the final judgment as to plaintiff Nationwide Mutual Insurance Company, the earlier carrier on the Honda motorcycle.

[1] The question plaintiff presents for review is whether it was reversible error for the trial court to fail to find and conclude that the homeowner's insurance policy excluded coverage for all the damages by fire. In a declaratory judgment action our standard of review is "to determine whether the record contains competent evidence to support the findings; and whether the findings support the conclusions." *Insurance Co. v. Allison*, 51 N.C. App. 654, 657, 277 S.E. 2d 473, 475, *disc. rev. denied*, 303 N.C. 315, 281 S.E. 2d 652 (1981); *Baucom's Nursery Co. v. Mecklenburg Co.*, 62

N.C. App. 396, 303 S.E. 2d 236 (1983). Here, because there were no exceptions to the findings of fact, we will be concerned only with the conclusions and questions of law.

What did the terms of the policy provide? Nationwide-Fire relies upon Exclusions 1.a.(2) and 2.d., quoted below, in its effort to avoid coverage.

SECTION II — EXCLUSIONS

This policy does not apply:

1. Under Coverage E — Personal Liability . . . :

   a. to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of:

   * * * *

   (2) any motor vehicle owned or operated by, or rented or loaned to any Insured; but this subsection (2) does not apply to bodily injury or property damage occurring on the residence premises if the motor vehicle is not subject to motor vehicle registration because it is used exclusively on the residence premises or kept in dead storage on the residence premises; or

   * * * *

2. Under Coverage E — Personal Liability

   * * * *

   d. to property damage to property occupied or used by the Insured or rented to or in the care, custody or control of the Insured or as to which the Insured is for any purpose exercising physical control.

On the other hand, the policy's personal liability coverage provides as follows:

Coverage E — Personal Liability.

This Company agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay for damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence. This

Company shall have the right and duty, at its own expense, to defend any suit against the Insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, but may make such investigation and settlement of any claim or suit as it deems expedient.

For approximately six months prior to the fire on 20 March 1980, the Honda motorcycle had been stored on the patio to the Allen apartment. Because of mechanical damage in its last use, the Honda was now inoperable. The Honda was not registered, bore no license tag, and was not named or covered in any motor vehicle insurance policy. The last liability insurance policy on the Honda expired on 10 October 1979. Mrs. Allen was the owner.

Because 20 March 1980 was a rainy day, Mr. Allen was not working. On that day he decided to move the Honda motorcycle into the living room of the apartment, intending to charge the battery, to check the timing, and to inspect the motorcycle to determine what repairs might be needed. Those repairs would be performed at a later date either by him, if possible, or by a repair shop, so that the Honda could be sold and used. He had no repair parts available and did not intend to repair it that day.

In preparation for a work place, Mr. Allen placed a plastic cover over the carpet in the living room and newspapers over the plastic. Then he brought in the motorcycle, placing it over the newspaper and plastic. Prior to taking the Honda into the apartment Mr. Allen had drained 1½ gallons of gas, but was unable to remove all of it from the main tank and was unable to remove any gas from the reserve tank. While inside the room he drained the oil from the motorcycle, placing it in a plastic milk carton upon the newspaper-covered plastic.

The battery was removed and activated to a trickle charger which was situated upon the newspaper-covered plastic. A portion of the gas tank was removed in order to examine the magneto. The motorcycle was supported by a kickstand, which was wet from exposure to the rain.

Mr. Allen placed a timing light, a bare light bulb in a socket, upon the fork of the front wheel and plugged the light into an outlet. He was not intending to fix or set the timing, but did in-

tend to check to see by visual inspection if the timing was off. At this juncture "Mr. Allen went to turn off the television . . . and while at the television he heard a loud crash and looked around and the motorcycle had toppled over on top of his coffee table." As he looked, "he observed flames coming from underneath the motorcycle in the vicinity of the area where he had examined the magneto." The services of the fire department were required to extinguish the blazing fire.

On 5 December 1980 the defendants Palavid and Common-wealth Realty commenced a separate action for damages against Mr. Allen on the basis that he negligently caused the fire. On 23 February 1980 the plaintiffs denied coverage to the Allens.

Nationwide-Fire prepared and issued the policy in question. The Allens paid the premiums, none of which have been returned.

It is the insured that has the burden of bringing himself within the insuring language of the policy. Once it has been deter-mined that the insuring language embraces the particular claim or injury, the burden then shifts to the insurance company to prove a policy exclusion excepts the particular injury from coverage. Our Supreme Court's views on the law of interpreting exclusions and exceptions in insurance contracts were well summed up in *Maddox v. Insurance Co.*, 303 N.C. 648, 650, 280 S.E. 2d 907, 908 (1981):

> In interpreting the relevant provisions of the insurance policy at issue, we are guided by the general rule that in the construction of insurance contracts, any ambiguity in the meaning of a particular provision will be resolved in favor of the insured and against the insurance company. *Exclusions from and exceptions to undertakings by the company are not favored, and are to be strictly construed to provide the coverage which would otherwise be afforded by the policy.* The various clauses are to be harmoniously construed, if possible, and every provision given effect. [Citations omitted.] An ambiguity exists where, in the opinion of the court, the language of the policy is fairly and reasonably susceptible to either of the constructions asserted by the parties. (Emphasis added.)

Without question the claim in controversy involves property damages caused by an occurrence, a fire. In the separate lawsuit, should the owners of the apartments win and obtain judgment against Mr. Allen, a named insured, he would be "legally obligated to pay for damages because of . . . property damage, to which this insurance applies, caused by an occurrence," as contracted for by the terms of the policy. Since the insuring language embraces the claim, the burden now shifts to Nationwide-Fire to avoid coverage through the cited provisions for exclusion.

We now consider the use of words in the exclusionary sections.

Nationwide-Fire contends the fire arose out of the "ownership" and "maintenance" of the motorcycle, and that coverage is excluded. It also would exclude coverage on the ground that Mr. Allen was exercising physical control over the rented apartment which he occupied and used, and that Exclusion 2.d. also applies. The defendants contend that an ambiguity is present in the meaning of the words "ownership" and "maintenance" which should be construed against the insurer. They also contend that by its language the exclusion should not be applied because the motor vehicle, the motorcycle, was "not subject to motor vehicle registration because it . . . [was] kept in dead storage on the residence premises."

It was Mr. Allen's handling of combustible materials (newspapers, plastic floor covering, gasoline, oil) in the immediate vicinity of ignition sources (an operating electrical battery trickle charger and an open light bulb as a timing light left upon a metal frame of the motorcycle) which created a risk covered by Nationwide-Fire's policy against personal liability and caused the fire. Mr. Allen obtained coverage to protect himself against this type of accident and to pay for property damage to others for which he might be liable.

We hold that the property damage which occurred did not arise out of either the ownership or the maintenance of the Honda motorcycle. We also hold that, as of the date of the fire, the motorcycle was not subject to motor vehicle registration and that it had been kept in dead storage for approximately six months on the residence premises. The trial judge ruled correctly in all of

his conclusions and in his adjudication of the policy's exclusions against Nationwide Mutual Fire Insurance Company.

Under the canons of construction, exclusionary clauses in a policy are construed narrowly against the insurer. We recognize that the word "maintenance" may have a different meaning under different circumstances, and " 'whenever possible, the courts will apply an interpretation which gives, but never takes away, coverage.' " *See State Farm Mutual Automobile Insurance Co. v. Partridge*, 10 Cal. 3d 94, 102, 514 P. 2d 123, 129 (1973), *quoting* Marcus, *Overlapping Liability Insurance* 16 Def. L. J. 549, 559 (1967).

[2]   We note that the defendant appellees cross-assigned as error the conclusion of law by the trial court that Exclusion 2.d. of the policy was applicable, and that coverage for the damages to the interior of the Allen apartment was excluded. Because an appellee's cross-assignment of error can only be utilized in "*supporting* the judgment, order, or other determination from which appeal has been taken," and when the appellee has been deprived of "an alternative basis in law for *supporting* the judgment," (emphasis added), Rule 10(d), N.C. Rules App. Proc., we do not reach the cross-assignment in this case. The defendants did not appeal as an aggrieved party. The purpose of making a cross-assignment of error is "to protect appellees who have been deprived in the trial court of an alternative basis in law upon which their favorable judgments might be supported and who face the possibility that on appeal prejudicial error will be found in the ground upon which their judgments were actually based." *See* Drafting Committee Note to Rule 10(d), N.C. Rules App. Proc. Since the cross-assignment here only conditionally presented the issue we do not reach it by virtue of having upheld the defendants' favorable judgment on the plaintiff's appeal.

· Affirmed.

Chief Judge VAUGHN and Judge EAGLES concur.