HOBSON CONSTRUCTION COMPANY, INC., RICHARD D. WOOD AND MARGARETTA WOOD v. GREAT AMERICAN INSURANCE COMPANY

No. 8328SC1211

(Filed 4 December 1984)

**Insurance § 149— declaratory judgment—property damage not alleged within meaning of policy—no error**

In an action for a declaratory judgment brought against an insurer after the individual plaintiffs had obtained a judgment against plaintiff construction company for breach of contract, the court did not err in ordering that the insurer was not obligated on the judgment where the policy was for property damage, defined as physical injury or destruction of tangible property or the loss of use of tangible property not physically injured or destroyed, and plaintiffs had alleged and the jury had awarded damages "in the nature of repair and cost of completion of the project." G.S. 1-254.

APPEAL by plaintiffs from *Lewis, Judge.* Judgment entered 15 August 1983 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 19 September 1984.

This is an action for declaratory judgment pursuant to G.S. 1-254 in which plaintiff-appellants seek a judicial declaration of the rights, benefits, duties and obligations of the parties to this action under the terms, provisions and conditions of a comprehensive general liability insurance policy issued by appellee, Great American Insurance Company (Great American), to appellant, Hobson Construction Company (Hobson).

The essential facts are:

Appellant Hobson is a North Carolina corporation engaged in building and construction with its principal office and place of business in Buncombe County.

Appellants Woods are nonresident owners of realty in Jackson County upon which Hobson constructed a concrete arch dam pursuant to a contract between Hobson and the Woods.

Hobson completed the construction of the dam and William E. Edens (Edens), the registered professional engineer who designed and supervised the construction of the dam, issued the certificate of completion 12 November 1976.

Water was impounded behind the dam in December of 1976, but the dam would not retain the water. Consequently, on 29 December 1976, the North Carolina Department of Natural and Economic Resources found the dam to be unsafe and ordered the impounded water completely drained.

On 2 August 1979, the Woods instituted an action in Superior Court, Buncombe County, against Hobson and Edens, jointly and severally, seeking to recover damages in the nature of repair cost and cost of completion of the project. This action was based on an alleged breach by Hobson and Edens of duty to perform fully obligations arising out of contracts with Woods, including Hobson's alleged failure to construct the concrete arch dam in a workmanlike manner and alleged actionable negligence on the part of Hobson and Edens.

Great American had issued a comprehensive general liability insurance policy (Number 8547624) to Hobson for the policy period of 1 April 1976 to 1 April 1977. Great American undertook Hobson's defense of the contract and negligence actions under a written reservation of rights. The case was tried before a jury which

returned a verdict in favor of Woods on the contractual issue only. Judgment was entered 16 February 1981 against Hobson and Edens, jointly and severally, in the amount of $69,760.96. No appeal was perfected from these judgments and they became final as between the parties.

Hobson thereafter demanded that Great American satisfy the judgment pursuant to its policy of general liability insurance. Great American refused and plaintiffs here (Hobson and Woods) instituted this declaratory judgment action on 10 September 1982 in order to determine whether Great American is obligated to pay the judgment rendered against its insured.

This action was tried at the 5 July 1983 civil non-jury session of Buncombe County Superior Court upon an agreed statement of facts and exhibits. After reviewing all matters of record and considering written and oral arguments of the parties, the trial court made findings of fact and conclusions of law and ordered that the general liability insurance policy issued by Great American to Hobson does not obligate Great American to satisfy the earlier judgment rendered against its insured. Plaintiffs appeal.

*William E. Greene, for plaintiff-appellant Hobson Construction Company, Inc.*

*Van Winkle, Buck, Wall, Starnes and Davis, by Larry C. Harris, Jr. and Robert H. Haggard, for plaintiff-appellants Richard D. Wood and Margaretta Wood.*

*Roberts, Cogburn, McClure and Williams, by Isaac N. Northup, Jr., and Landon Roberts, for defendant-appellee Great American Insurance Company.*

EAGLES, Judge.

I

A declaratory judgment action is designed to establish in an expeditious fashion the rights, duties, and liabilities of parties in situations usually involving an issue of law or the construction of a document where the facts involved are largely undisputed. Its

purpose is to settle uncertainty in regard to the rights and status of parties where there exists a real controversy of a justiciable nature. *Wright v. McGee*, 206 N.C. 52, 173 S.E. 31 (1934). All orders, judgments and decrees in an action for declaratory judgment may be reviewed as other orders, judgments and decrees. G.S. 1-258. Declaratory judgment is appropriate for the construction of insurance contracts and in determining the extent of coverage under an insurance policy. *Insurance Co. v. Simmons, Inc.*, 258 N.C. 69, 128 S.E. 2d 19 (1962). The trial court properly undertook to interpret and apply the insurance policy in question to the facts here.

## II

In this appeal, appellants assign the following five issues as error:

(1) Refusal of the trial court to find as fact and conclude as a matter of law that the Woods sustained "property damage" as that term is defined in the policy of insurance in question by virtue of the Woods' loss of use of the concrete arch dam for its intended purpose.

(2) Refusal of the trial court to find as fact and conclude as a matter of law that repeated flowing of impounded water under the foundation of the dam was an "occurrence" as that term is defined in the policy of insurance in question.

(3) Refusal of the trial court to find as fact and conclude as a matter of law that Hobson contracted with Great American for "completed operations coverage" and that the "occurrence" arose out of a "completed operations hazard" as that term is defined by the policy of insurance in question.

(4) Refusal of the trial court to find as fact and conclude as a matter of law that certain exclusions contained within the policy of insurance in question are inconsistent, ambiguous, and susceptible of two interpretations, thereby affording coverage that would obligate Great American to satisfy the Woods' judgment against Hobson.

(5) The trial court's signing and entry of the judgment in this matter.

Appellee responds saying that there has been no showing of the "property damage" alleged by appellants to have arisen out of the loss of use of uninjured or undestroyed tangible property. We agree with appellee. Further, we find this issue dispositive of the appeal since appellants must prevail on this first issue in order for us to reach the remaining four issues.

We note that the insured here, the plaintiff-appellant Hobson, has the burden of bringing itself within the insuring language of the policy. Once it has been determined that the insuring language embraces the particular claim or injury, the burden then shifts to the insurer to prove that a policy exclusion excepts the particular injury from coverage. *Nationwide Mutual Fire Ins. Co. v. Allen*, 68 N.C. App. 184, 314 S.E. 2d 552 (1984). Our examination of the record before us reveals that Hobson has failed to show that the loss complained of is embraced within the insuring language of the policy. Consequently, we need not reach the issue of whether the complained of injury is excepted from coverage by an exception in the policy of insurance.

As applied to the facts in this case, in order for coverage to exist under the general liability insurance policy issued by Great American to Hobson, the insured (Hobson) must have become legally obligated to pay damages as a result of "property damage." If "property damage" occurred while the policy was in effect, the insurer must pay the legal damages due to such "property damage" absent some exclusion contained in the policy. On the other hand, if no "property damage" (as defined in the policy) occurred, the insurer would not be liable under the policy.

Property damage is defined in the policy of insurance as:

(1) Physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or

(2) Loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period.

In their pleadings in the original action, appellants Woods alleged that due to the breach of contract by Hobson and Edens,

appellants Woods incurred damage "in the nature of repair and cost of completion of the project." The pleadings do not allege physical injury or destruction of tangible property which might be compensable under the first quoted policy definition, nor do the pleadings allege "loss of use" of tangible property which has not been physically injured or destroyed due to an occurrence which might be compensable under the second quoted definition. Plaintiff-appellants Woods and Hobson now (for the first time) argue, on appeal of the declaratory judgment, that compensable "property damage" occurred when the Woods lost the use of tangible personal property—the dam constructed by Hobson, the insured—due to the dam's failure to hold water and the ensuing order to drain the lake, all of which were due to the failure of Hobson and Edens to complete their contractual obligations. The damages awarded by the jury at trial were awarded on the basis of repair and completion cost and *not* on the basis of loss of use. There is no evidence in the record before us to indicate any evidence of damages resulting from loss of use, which is the theory of recovery argued on appeal by appellants.

We hold that appellants have failed to bring their particular injury within the insuring language of the policy. The order of the trial court is affirmed.

Our resolution of the first assignment of error disposes of the appeal and makes it unnecessary to consider appellants' remaining assignments of error.

Affirmed.

Judges WEBB and BRASWELL concur.