BETTY L. DUNCAN, Individually and in her Capacity as the Administrator of the estate of Michael Ray Duncan, Plaintiff v. CUNA MUTUAL INSURANCE SOCIETY and CUNA MUTUAL LIFE INSURANCE COMPANY, Defendants

No. COA04-1176

(Filed 5 July 2005)

**1. Insurance— life—exclusion for drug use—exception for prescription drugs—summary judgment**

Summary judgment was correctly granted for a life insurance company on the issue of whether an exclusion for the voluntary use of drugs applied to bar coverage. Although plaintiff-beneficiary claimed the benefit of an exception to the exclusion for prescription drugs, she was not able to offer evidence raising an issue of fact.

**2. Costs— insurance defense—summary judgment**

The trial court did not err by awarding costs to defendants, insurance companies defending a life insurance claim. The assignment of error concerned the possibility that summary judgment was incorrectly awarded and the judgment not final, but summary judgment was correct. Arguments not set out in the assignments of error will not be considered.

Appeal by plaintiff from orders entered 9 March 2004 by Judge Michael E. Helms, and 28 April 2004 by Judge Catherine C. Eagles, in Forsyth County Superior Court. Heard in the Court of Appeals 13 April 2005.

*Law Offices of Jonathan S. Dills, by Jonathan S. Dills, for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, by Reid C. Adams, Jr., and Bradley O. Wood, for defendant-appellees.*

LEVINSON, Judge.

Plaintiff (Betty Duncan) appeals from an order of summary judgment entered in favor of defendants (Cuna Mutual Ins. Society and Cuna Mutual Life Ins. Co.) We affirm.

Uncontradicted record evidence tends to show, in pertinent part, the following: Plaintiff and Michael Duncan (Duncan) were married in 1987 and separated in 1998. Duncan had several DWI con-

victions and a history of substance abuse. In October 1998, Duncan purchased a $150,000 life insurance policy (the policy) from defendants, and named plaintiff as the beneficiary. The policy contained the following exclusion:

> Exclusions. We will not pay a benefit for any Loss to an Insured Person caused by or resulting from . . . 8. Voluntary use of any drug, medicine, or sedative, except as prescribed by a physician.

On 8 April 2000 Duncan's body was found on a couch in his living room. Although plaintiff and Duncan separated in July, 1998, they were still married at the time of Duncan's death. An autopsy was performed, determining the cause of death to be "methadone toxicity." The autopsy report, death certificate, and medical examiner's report all list the cause of death as "methadone toxicity."

After Duncan's death, plaintiff filed a claim for benefits under the policy. In response, defendants asked plaintiff for a list of Duncan's prescriptions, which plaintiff failed to provide.

On 8 April 2003 plaintiff filed suit against defendants, alleging that defendants had breached the insurance contract, and seeking benefits under the policy. In their answer, defendants denied the material allegations of the complaint and asserted various defenses, including the policy's exclusion for non-prescribed drugs. After deposing plaintiff, defendants filed a motion for summary judgment on 5 January 2004, asserting that:

> [P]laintiff, by her own admission, can produce no evidence whatsoever to meet her burden to prove an exception to the exclusion contained in the life insurance policy in question . . . in other words, plaintiff cannot prove that the plaintiff's decedent was prescribed the methadone which caused his death, nor can plaintiff otherwise demonstrate the existence of a genuine issue of material fact for a jury to decide.

On 9 March 2004 the trial court entered an order granting summary judgment for defendants, and on 28 April 2004 the court awarded defendants $562.24 in costs. Plaintiff timely appealed from both orders.

## Standard of Review

Plaintiff appeals from a summary judgment order. N.C.G.S. § 1A-1, Rule 56(c) (2003) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admis-

sions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law."

"[T]he party moving for summary judgment ultimately has the burden of establishing the lack of any triable issue of fact[,]" *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985), and "evidence presented by the parties must be viewed in the light most favorable to the non-movant." *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998) (citation omitted). If a summary judgment motion is "supported as provided in this rule, an adverse party . . . must set forth specific facts showing that there is a genuine issue for trial." Rule 56(e).

"Our Court's standard of review on appeal from summary judgment requires a two-part analysis. Summary judgment is appropriate if (1) the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact; and (2) the moving party is entitled to judgment as a matter of law." *Gaunt v. Pittaway*, 139 N.C. App. 778, 784, 534 S.E.2d 660, 664 (2000).

---

[1] Plaintiff argues first that the trial court erred by granting summary judgment, on the grounds that the evidence raised genuine issues of material fact about her entitlement to benefits under Duncan's life insurance policy. We disagree.

Where interpretation of an insurance policy is at issue, the initial burden to show coverage is on the insured. *Production Systems v. Amerisure Ins. Co.*, —— N.C. App. ——, ——, 605 S.E.2d 663, 665 (2004) ("In North Carolina the insured 'has the burden of bringing itself within the insuring language of the policy.'") (quoting *Hobson Construction Co., Inc. v. Great American Ins. Co.*, 71 N.C. App. 586, 590, 322 S.E.2d 632, 635 (1984)), *disc. review denied*, 359 N.C. 322, 611 S.E.2d 415 (2005). Defendants herein concede that, except for the exclusion, plaintiff would be entitled to benefits under the policy.

"Once it has been determined that the insuring language embraces the particular claim or injury, the burden then shifts to the insurer to prove that a policy exclusion excepts the particular injury from coverage." *Hobson*, 71 N.C. App. At 590, 322 S.E.2d at 635 (citation omitted). If there is an exception to the exclusion, "the burden is upon the insured to prove the existence of an exception to the exclu-

sion which is applicable to restore coverage." *Allstate Ins. Co. v. Chatterton*, 135 N.C. App. 92, 94, 518 S.E.2d 814, 816 (1999) (citing *Home Indemnity Co. v. Hoechst Celanese Corp.*, 128 N.C. App. 189, 494 S.E.2d 774 (1998)).

Further, in the absence of contrary evidence, it is presumed that substances are ingested voluntarily. *See Mehaffey v. Insurance Co.*, 205 N.C. 701, 705, 172 S.E. 331, 333 (1934):

> Assuming that there was evidence of poison in his stomach after death, there is no evidence that it got there through accidental means. Indeed, the facts and circumstances disclose without equivocation that any poison in the stomach of deceased was the natural and probable consequence of an ordinary act in which he voluntarily engaged. Hence no recovery [on the life insurance policy] can be sustained[.]

In the instant case, the dispositive issue is whether the evidence raised a genuine issue of material fact regarding the policy's **exclusion** for loss resulting from the "voluntary use of any drug, medicine, or sedative," or the exclusion's **exception** for the use of such drugs "as prescribed by a physician."

The uncontradicted evidence was that the immediate cause of Duncan's death was "methadone toxicity." Neither party disputes that methadone is a "drug, medicine, or sedative," or that Duncan had a history of alcohol and substance abuse. Duncan's body was found in his own living room, with no evidence of forced entry or foul play. We conclude that defendants met their burden to show that the exclusion bars plaintiff from recovering under the policy.

Plaintiff, however, urges that defendants must "disprove her claims" with affirmative proof that Duncan took methadone 'voluntarily,' basically requiring defendants to prove Duncan was **not** 'involuntarily' forced to take methadone. This reasoning was expressly rejected in *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 62, 63, 414 S.E.2d 339, 341, 342 (1992) (quoting *Roumillat v. Simplistic Enterprises, Inc.*, 103 N.C. App. 440, 442, 406 S.E.2d 10, 12 (1991)), *overruled in part on other grounds by Nelson v. Freeland*, 349 N.C. 615, 507 S.E.2d 882 (1998):

> While conceding that there is no evidence in the record that defendant knew or should have known of the existence of the substance, the . . . [court] below held that defendant is entitled to summary judgment 'only if it meets its burden of showing that it

did not know, and should not have known,' of the presence of the substance[.] . . . [Defendant] demonstrated that plaintiff could not produce evidence to prove an essential element of her case—that defendant knew or should have known of the existence of the substance[.] . . . [D]efendant was not required to produce evidence showing that it did not know or should not have known of the substance[.]

We conclude that defendants presented evidence that coverage was barred by the policy's exclusion, thus shifting the burden of proof to plaintiff to demonstrate the existence of a genuine issue of material fact regarding the exclusion's **exception** for drugs, medicines, or sedatives used "as prescribed by a physician."

At her deposition, plaintiff admitted she did not know anything about Duncan's prescriptions, or whether he ever had a prescription for methadone. Plaintiff testified that in a phone conversation Duncan once said he had fallen out of a tree and might consult a physician, but that she did not know if Duncan actually saw a doctor. She offered no testimony or evidence from anyone with first-hand information about Duncan's use of methadone, and no evidence that Duncan had a prescription for methadone. We conclude that plaintiff's deposition testimony did not raise any genuine issues of material fact.

We also conclude that the affidavit of Stephen W. Ringer, a substance abuse counselor, which was offered by plaintiff, contains no admissible evidence raising an issue of material fact. We first note that Rule 56(e) provides in relevant part that:

[A]ffidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers . . . referred to in an affidavit shall be attached[.]

In his affidavit, Ringer stated that he was a licensed social worker and counselor, and that he had counseled Duncan for alcohol and substance abuse. He offered no other first-hand information about Duncan or whether Duncan used methadone. The remainder of the affidavit consists of generalized observations and opinions about methadone use and abuse.

N.C.G.S. § 8C-1, Rule 701 (2003), states in relevant part that testimony of a lay witness "in the form of opinions or inferences is

limited to those opinions or inferences which are (a) rationally based on the perception of the witness[.]" In the instant case, Ringer's conclusions were based on: general information about methadone; plaintiff's hearsay testimony that Duncan told her he fell out of a tree and might see a doctor; and on two articles, one a "recent study" by the American Medical Association, the other a press release from the N.C. Department of Health and Human Services. Because Ringer's opinions were neither based on his personal knowledge, nor proffered as expert opinions, his affidavit does not meet the requirement of N.C.G.S. § 1A-1, Rule 56(e) that affidavits be "made on personal knowledge, [and] shall set forth such facts as would be admissible in evidence." We conclude that Ringer's affidavit does not raise a genuine issue of material fact.

We conclude the record evidence shows that coverage was barred by the policy's exclusion, and also that plaintiff was unable to offer evidence raising an issue of fact regarding the exclusion or its exception. This assignment of error is overruled.

---

**[2]** Plaintiff also argues that the court erred by awarding costs to defendants. The lone assignment of error addressing the court's award of costs asserts only that "a higher Court may find that the summary judgment was improperly entered and that no final judgment had been entered." However, this Court has not found that summary judgment was improperly entered. Nor will we consider arguments not set out in plaintiff's assignments of error. N.C.R. App. P. 10(a) ("[The] scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal."). This assignment of error is overruled.

For the reasons discussed above, we conclude the court did not err by entering summary judgment for defendants, and that its order should be

Affirmed.

Judges HUNTER and McCULLOUGH concur.