PENNSYLVANIA NATIONAL MUTUAL INSURANCE COMPANY, Plaintiff v. WILLIAM HOWELL STRICKLAND, COLUMBUS UTILITIES, INC., ENZOR AND STRICKLAND LEASE AND RENTAL, INC., MICHELLE JONES, and NEW SOUTH INSURANCE COMPANY, Defendants

No. COA05-1134

(Filed 18 July 2006)

**Insurance— business automobile policy—underinsured motorist coverage**

The trial court erred by granting summary judgment in favor of defendant corporations based on its determination that a business automobile insurance policy issued by plaintiff insurance company to defendants provided underinsured motorist (UIM) coverage to defendant individual, and the trial court is directed to enter summary judgment in favor of plaintiff, because: (1) the policy provided coverage only for vehicles actually owned by either of the corporations, and the person seeking coverage under the UIM policy was not occupying a covered automobile which is a vehicle owned by the named insured at the time of the injury; (2) when viewed in context, the listing of the pertinent car on the schedule of covered autos in the policy does not create ambiguity when it does not contradict the clear and unambiguous language stating that numerical symbol 2 covered autos are only those vehicles owned by the named insured or acquired by the named insured after the policy began; and (3) defendant's payment of a premium to plaintiff did not create UIM coverage for the pertinent car, but instead the language of the insurance contract controls the court's interpretation of the intention of the parties to the contract.

Appeal by plaintiff from order entered 14 June 2005 by Judge W. Allen Cobb in New Hanover County Superior Court. Heard in the Court of Appeals 8 March 2006.

*McDaniel & Anderson, L.L.P., by John M. Kirby, for plaintiff-appellant.*

*Marshall, Williams & Gorham, L.L.P., by John L. Coble, for defendants-appellees William Howell Strickland, Columbus Utilities, Inc., and Enzor and Strickland Lease and Rental, Inc.*

*Anderson, Johnson, Lawrence, Butler & Bock, by A. David Bock, for defendants-appellees Michelle Jones and New South Insurance Company.*

ELMORE, Judge.

Pennsylvania National Mutual Insurance Company (plaintiff) appeals from an order of the trial court granting summary judgment to defendants. In that order, the court determined the insurance policy issued by plaintiff to the defendant corporations provided uninsured motorist (UM) and underinsured motorist (UIM) coverage to defendant William Howell Strickland (Strickland).

Plaintiff issued a Business Automobile Policy (policy) to Columbus Utilities, Inc. and Enzor and Strickland Lease and Rental, Inc. Strickland is the majority or part owner of the two named insured businesses; Strickland also operates Enzor and Strickland Lease and Rental, Inc. The "Named Insured" is identified in the policy as "Columbus Utilities Inc. & Enzor & Strickland Lease Inc." The policy provides UIM coverage for an "insured," which includes any person occupying a "covered auto." For both UM and UIM coverage, the number "2" is indicated in the column for "Covered Autos." On the page containing descriptions of covered auto symbols, the number "2" refers to "owned autos" only. Owned autos are "Only those autos you own . . . . This includes those 'autos' you acquire ownership of after the policy begins." The policy defines "you" as the named insured.

Item Three of the policy contains a section entitled "Schedule Of Covered Autos You Own." This section lists several vehicles, including a 1988 Lincoln Town Car. Prior to purchasing the policy, Strickland consulted an insurance agent and discussed the possibility of including all of his vehicles on the same policy. The Lincoln Town Car was not registered in the name of either of the corporations. However, Strickland indicated to the insurance agent, John Smith, that he would transfer ownership of the Lincoln to Enzor & Strickland Lease and Rental, Inc.

On 6 November 1999 Strickland was driving the Lincoln home from dinner when a vehicle occupied by Michelle Jones (Jones) struck the Lincoln from behind. On 16 September 2002 Strickland filed an action against Jones. On 17 January 2003 Strickland's counsel informed plaintiff of the accident and the fact that New South Insurance Company, the liability carrier for Jones, was tendering its limits. On 28 January 2003 plaintiff requested that Strickland's counsel provide it with Strickland's medical records. On or about 15 September 2003, the tort action brought by Strickland against Jones

was stayed pending a resolution of the coverage issues in a separate declaratory judgment action.

Plaintiff filed the instant action on 21 February 2005. Defendants filed an answer on 20 April 2005. In May of 2005, both plaintiff and defendants filed a motion for summary judgment. On 14 June 2005 the court entered an order of summary judgment. The court declared that the policy provided $1,000,000.00 in UIM coverage to Strickland and that he was entitled to arbitrate his claim. Plaintiff filed notice of appeal to this Court on 11 July 2005.

The issue on appeal is whether the policy provides UIM coverage to Strickland. Plaintiff contends that, because the policy covers only the named insured and any persons occupying a "covered auto," the policy does not provide coverage for Strickland. Specifically, plaintiff asserts, Strickland is not the named insured and the Lincoln he was occupying was not a "covered auto." Defendants respond that because the Lincoln was listed under the schedule of covered autos and Strickland paid a premium for it, the evidence establishes that the parties intended that the Lincoln Town Car be afforded UIM coverage.

In support of its contention that the policy provides coverage only for vehicles actually owned by either of the corporations, plaintiff cites to *Sproles v. Greene*, 329 N.C. 603, 407 S.E.2d 497 (1991). In that case, a policy containing UIM coverage was issued by Aetna Casualty and Surety Company to the plaintiffs' employer, Lakeview Nursery and Garden Center, Inc. The policy indicated that UIM coverage was available only for number "2" vehicles, *i.e.*, vehicles owned by the named insured. *Id.* at 610, 407 S.E.2d at 501. The plaintiffs were occupying a 1983 GMC van when they were involved in a collision with another vehicle. The Court held that the plaintiffs were not covered by their employer's UIM coverage:

> [T]he only automobiles covered under the UIM coverage in Lakeview's policy with Aetna are those automobiles owned by the named insured which in this case is the corporation Lakeview. When plaintiffs were injured, they were riding in a van which was owned by Avery County Recapping Company, Inc., and not by their employer Lakeview. Since plaintiffs are class two insureds and since class two insureds are only afforded UIM coverage under the terms of the policy when they are injured while occupying a "vehicle to which the policy applies," we conclude

that . . . plaintiffs are not covered by Lakeview's UIM coverage under its Aetna policy.

*Id.*

Here, as in *Sproles*, the person(s) seeking coverage under the UIM policy was not occupying a covered auto, that is, a vehicle owned by the named insured, at the time of the injury. The Lincoln was not owned by either Columbus Utilities, Inc. or Enzor and Strickland Lease and Rental, Inc. Had the Lincoln been owned by one of the corporations at the time of the collision, then Strickland would have been occupying a covered auto under the policy. As defendants do not dispute that the legal title to the Lincoln was registered to Strickland or one of his family members, there is no factual dispute that the Lincoln was not owned by the named insured when Strickland was injured. *See* N.C. Gen. Stat. § 20-4.01(26) (2005) ("owner" of a vehicle is the person holding the legal title to the vehicle); *Jenkins v. Aetna Casualty and Surety Co.*, 324 N.C. 394, 398-99, 378 S.E.2d 773, 775-76 (1989).

Defendants argue nonetheless that the listing of the Lincoln Town Car on the schedule of "Covered Autos" creates an ambiguity regarding coverage of the Lincoln, and that ambiguities should be construed against the insurer. We must determine, then, whether the listing of the Lincoln in the policy created an ambiguity. Defendants are correct that an ambiguity in an insurance contract is construed against the insurer. *See Trust Co. v. Insurance Co.*, 276 N.C. 348, 354, 172 S.E.2d 518, 522 (1970). However, a mere disagreement between the parties over the language of the insurance contract does not create an ambiguity. Rather, "[n]o ambiguity . . . exists unless, in the opinion of the court, the language of the policy is fairly and reasonably susceptible to either of the constructions for which the parties contend." *Id.*; *see also Watlington v. N.C. Farm Bureau Mut. Ins. Co.*, 116 N.C. App. 110, 112-13, 446 S.E.2d 614, 616 (1994). Also, each provision of an insurance contract must be interpreted in view of the whole contract and not in isolation. *See DeMent v. Nationwide Mut. Ins. Co.*, 142 N.C. App. 598, 602, 544 S.E.2d 797, 800 (2001) ("[T]he courts should resist piecemeal constructions and should, instead, examine each provision in the context of the policy as a whole.") (citation omitted).

When viewed in context, the listing of the Lincoln on the schedule of covered autos in Item Three of the policy does not create an ambiguity. The numerical symbol for vehicles with UIM coverage is

"2." A vehicle is a symbol "2" vehicle if it is owned by the named insured. Since the Lincoln Town Car was not owned by the named insured, it is not a covered auto for UIM purposes. Item Three of the policy contains only a general list of vehicles under the auto schedule. Item Three does not define "covered autos" or "owned autos." Instead, these terms are specifically defined in the policy in a different section. Owned autos are "Only those autos you [named insured] own . . . . This includes those 'autos' you acquire ownership of after the policy begins." A vehicle that is not owned by the named insured, then, is not provided UIM coverage. After reviewing the entire insurance contract, the listing of the Lincoln as a covered auto does not contradict the clear and unambiguous language stating that numerical symbol "2" covered autos are only those vehicles owned by the named insured or acquired by the named insured after the policy began. Accordingly, we reject defendants' assertion that the policy must be interpreted as providing coverage to any person occupying the Lincoln.

Plaintiff next contends that Strickland's payment of a premium to plaintiff did not create UIM coverage for the Lincoln. We agree with plaintiff that payment of a premium is not determinative of coverage; rather, the language of the insurance contract controls the court's interpretation of the intention of the parties to the contract, *see Duke v. Insurance Co.*, 286 N.C. 244, 247, 210 S.E.2d 187, 189 (1974); *Rouse v. Williams Realty Bldg. Co.*, 143 N.C. App. 67, 69-70, 544 S.E.2d 609, 612, *aff'd per curiam*, 354 N.C. 357, 554 S.E.2d 337 (2001). As stated *supra*, the insurance contract viewed as a whole provided UIM coverage only to vehicles owned by the corporations.

As we determine that the plain language of the policy did not provide UIM coverage to Strickland, we need not address plaintiff's additional arguments concerning alleged misrepresentation by the insured and failure to cooperate with the provisions of the policy. We reverse the judgment and order of the trial court declaring, *inter alia*, that the UIM coverage under the policy is applicable to the claims presented by Strickland and that Strickland is entitled to arbitration. Accordingly, entry of summary judgment in favor of defendants is reversed, and the trial court is directed to enter summary judgment in favor of plaintiff.

Reversed and remanded.

Judges STEELMAN and JACKSON concur.