ROY LEE VAUGHAN, EMPLOYEE, PLAINTIFF v. CAROLINA INDUSTRIAL INSULATION, AKA, CAROLINA INDUSTRIAL INSULATING CO., INC., EMPLOYER, ACE-USA, CARRIER, DEFENDANTS

No. COA06-579

(Filed 1 May 2007)

**Workers' Compensation— occupational disease—asbestosis— risk carrier—last injurious exposure**

The Industrial Commission did not err in a workers' compensation case by finding that defendant ACE-USA was the carrier on the risk with respect to plaintiff's asbestosis even though defendant contends its missing insurance policy was limited to work performed in South Carolina, because: (1) defendant lost the policy and no other evidence was presented as to the policy's specific terms; (2) defendant has not pointed to any authority suggesting that an employee in a workers' compensation action must produce the actual insurance policy to establish coverage; (3) the fact that an insurance policy is missing does not necessarily preclude recovery under that policy; (4) plaintiff met his burden to show that defendant carrier issued a workers' compensation policy to his employer that provided coverage for workers' compensation injuries to plaintiff at the time of plaintiff's last injurious exposure; (5) once there was evidence that a policy of workers' compensation insurance was issued covering plaintiff, the burden of proof shifted to the carrier to prove that its policy, which otherwise would have covered plaintiff, excluded plaintiff's claim based on a last injurious exposure to asbestos in North Carolina (NC); (6) the stipulation that there was no record of insurance coverage in NC did not mandate a finding of no coverage, but rather only permitted an inference of noncoverage that the Commission could choose to draw or not; (7) defendant's argument that the fact it provided coverage in South Carolina does not mean it did the same in NC is simply an argument for the Commission to consider and weigh, like the stipulation, and does

not mandate that the Commission find that no coverage existed for work done in NC; and (8) although the Commission erred to the extent that it found applicable to this case the principle that ambiguous provisions should be resolved in favor of the insured and against the insurance company, this error is immaterial since it represents only an alternative basis for the Commission's decision.

Appeal by defendant from opinion and award entered 29 November 2005 by the North Carolina Industrial Commission. Heard in the Court of Appeals 16 November 2006.

*Wallace & Graham, by Edward L. Pauley, for plaintiff-appellee.*

*Ogletree, Deakins, Nash, Smoak & Stewart, P.C., by Mary Lou Hill, for defendant-appellant ACE-USA.*

GEER, Judge.

Defendant ACE-USA appeals from an opinion and award of the North Carolina Industrial Commission arguing that the Commission erred in finding that defendant was the carrier on the risk with respect to plaintiff Roy Lee Vaughan's asbestosis. This case presents a novel scenario. The parties agree that ACE-USA provided workers' compensation insurance to defendant Carolina Industrial Insulation Company ("Carolina Industrial") during the pertinent time frame. Nevertheless, ACE-USA contends that the policy was limited to work performed in South Carolina, the state where Carolina Industrial was located. ACE-USA, however, has lost the policy, and no other evidence was presented as to the policy's specific terms.

We hold, under the circumstances of this case, that ACE-USA bore the burden of proving that its policy, which otherwise would have covered plaintiff, excluded plaintiff's claim based on a last injurious exposure to asbestos in North Carolina. Because the Commission applied the proper burden of proof and because the Commission's determination that ACE-USA was the carrier on the risk is supported by competent evidence, we affirm.

Facts

Plaintiff began working for Carolina Industrial, a South Carolina corporation, in 1964 as an insulator mechanic. In this position, plaintiff routinely traveled to various job sites to remove old insulation and install new pipe and duct insulation and other insulated products.

VAUGHAN v. CAROLINA INDUS. INSULATION

[183 N.C. App. 25 (2007)]

During plaintiff's tenure as an insulator mechanic, he was exposed to high amounts of asbestos dust.

In 1971, plaintiff performed his last job as an insulator mechanic for Carolina Industrial at a plant in Asheville, North Carolina. Plaintiff worked at this job site for five or six weeks, including most weekends, removing asbestos insulation and replacing it with fiberglass insulation. The parties agree that this project represented plaintiff's last injurious exposure to asbestos. Later that year, Carolina Industrial promoted plaintiff to field superintendent, and plaintiff ceased working directly with asbestos products.

Carolina Industrial was purchased by Pipe & Boiler Insulation ("Pipe & Boiler"), a North Carolina company, in 1974. Plaintiff continued to work as a field superintendent for that company until 1978 when he was promoted to branch manager, a position plaintiff held until he left the company in 1982.

On 18 May 1998, immediately following a diagnosis of asbestosis, plaintiff filed a Form 18B seeking workers' compensation benefits for asbestosis and pleural disease from Carolina Industrial and Pipe & Boiler. Both companies denied liability. On 14 June 2001, Deputy Commissioner Phillip A. Holmes entered an opinion and award in favor of plaintiff. With respect to the carrier on the risk, he found that Pipe & Boiler was insured on the pertinent date by Atlantic Mutual Insurance Company and that "[w]hile Pipe & Boiler and Carolina Industrial were different companies, they were part of the same corporation." The deputy commissioner concluded that, "[t]herefore, Atlantic Mutual Insurance provided coverage for both Carolina Industrial and Pipe & Boiler from 1964 to 1973" and that Atlantic Mutual was "the responsible carrier in this claim."

Carolina Industrial, Pipe & Boiler, and Atlantic Mutual appealed to the Full Commission, which entered an opinion and award on 27 February 2002 affirming the deputy commissioner's decision with respect to plaintiff's asbestosis and last injurious exposure. Regarding the issue of the carrier on the risk, however, the Full Commission found that the evidence indicated that, at the time of plaintiff's injury, Atlantic Mutual had provided insurance only for Pipe & Boiler and not for Carolina Industrial. Because plaintiff had been an employee of Carolina Industrial at the pertinent time, the Full Commission remanded for additional discovery regarding Carolina Industrial's corporate structure and insurance coverage.

VAUGHAN v. CAROLINA INDUS. INSULATION

[183 N.C. App. 25 (2007)]

On remand, following receipt of information from "the South Carolina Industrial Commission that [Carolina Industrial] was insured by [ACE-USA] . . . on the relevant date," Deputy Commissioner Holmes added ACE-USA as a defendant. ACE-USA was provided with the necessary materials from the proceeding and allowed time to investigate the issues.

At a hearing before Deputy Commissioner George T. Glenn II on 12 November 2003, the parties stipulated into evidence the information Deputy Commissioner Holmes received from the South Carolina Industrial Commission. Plaintiff rested on the evidence he had previously introduced, and ACE-USA did not call any additional witnesses. Instead, ACE-USA submitted an affidavit from an adjuster stating that a diligent search was conducted of all locations at which insurance policies are physically located and that "no record of any workers' compensation insurance policy issued by [ACE-USA] providing coverage for [Carolina Industrial] during the periods 1964 to 1974 in any state was found." On 17 February 2004, the deputy commissioner entered an opinion and award in favor of plaintiff, concluding that ACE-USA was the carrier on the risk for Carolina Industrial at the time of plaintiff's last injurious exposure to asbestos.

Defendants appealed to the Full Commission, which, on 29 November 2005, entered an opinion and award affirming the decision of the deputy commissioner with minor modifications. The Full Commission made the following pertinent findings of fact:

14. According to South Carolina Workers' Compensation records, Insurance Company of North America (ACE-USA) was the carrier for Carolina Industrial Insulating Co., Inc. (hereinafter Carolina Industrial Insulation) at the time of Plaintiff's last injurious exposure.

15. Defendant asserts that it cannot locate an insurance policy and argues that since the policy only exists in South Carolina, it must only cover South Carolina injuries and not out of state injuries. However, it is uncontroverted that Carolina Industrial Insulation insured its workers with a contract of insurance through ACE-USA. Carolina Industrial Insulation on [sic] a South Carolina corporation, filed its insurance policy with the South Carolina Workers' Compensation Division. It is also undisputed that employees of Carolina Industrial Insulation worked in both North Carolina and South Carolina. Plaintiff performed a significant portion of his work in North Carolina. Carolina Industrial

VAUGHAN v. CAROLINA INDUS. INSULATION

[183 N.C. App. 25 (2007)]

Insulation did not file any statement of insurance with the North Carolina Industrial Commission. Carolina Industrial Insulation employed five or more employees in North Carolina.

16. The initial burden is on the insured to establish coverage for a claim. The burden then shifts to the defendant-carrier to establish that an exclusion applies to the claim. ACE-USA has offered no evidence to support its argument that its policy of insurance excluded Carolina Industrial Insulation employees when working in North Carolina. Based on the greater weight of the evidence, Carolina Industrial Insulation's workers' compensation insurance with ACE-USA covered its employees while working in North Carolina.[1]

Based on these findings, the Commission concluded that "[c]arrier ACE-USA was on the risk at the time of Plaintiff's last injurious exposure to asbestos and is therefore liable for payment of compensation due Plaintiff pursuant to the Workers Compensation Act." ACE-USA timely appealed to this Court.

Discussion

Our review of a decision of the Industrial Commission "is limited to determining whether there is any competent evidence to support the findings of fact, and whether the findings of fact justify the conclusions of law." *Cross v. Blue Cross/Blue Shield*, 104 N.C. App. 284, 285-86, 409 S.E.2d 103, 104 (1991). "The findings of the Commission are conclusive on appeal when such competent evidence exists, even if there is plenary evidence for contrary findings." *Hardin v. Motor Panels, Inc.*, 136 N.C. App. 351, 353, 524 S.E.2d 368, 371, *disc. review denied*, 351 N.C. 473, 543 S.E.2d 488 (2000). This Court reviews the Commission's conclusions of law de novo. *Deseth v. LensCrafters, Inc.*, 160 N.C. App. 180, 184, 585 S.E.2d 264, 267 (2003).

N.C. Gen. Stat. § 97-57 (2005) provides:

In any case where compensation is payable for an occupational disease, the employer in whose employment the employee was last injuriously exposed to the hazards of such disease, *and the insurance carrier, if any, which was on the risk when the employee was so last exposed under such employer*, shall be liable.

---

1. We note that portions of this finding of fact are more properly considered conclusions of law.

(Emphasis added.) In prior cases, the carrier on the risk was identified for the most part simply by determining the liable employer and considering the dates of coverage for that employer's insurance policies. *See, e.g., Abernathy v. Sandoz Chems./Clariant Corp.*, 151 N.C. App. 252, 259-60, 565 S.E.2d 218, 222-23, *cert. denied*, 356 N.C. 432, 572 S.E.2d 421 (2002). Litigation has focused primarily on determining the date of the last injurious exposure with the liability of the carrier flowing from that date.

This appeal presents a question not previously addressed in this State: How do you determine the carrier on the risk when any applicable insurance policies have been lost? This question in turn gives rise to issues regarding who bears the burden of proof, and what type of evidence is sufficient.[2]

We find little guidance on these questions from other opinions addressing occupational diseases. In setting forth the elements that a claimant must prove under N.C. Gen. Stat. § 97-57, our Supreme Court has written:

Under [N.C. Gen. Stat. § 97-57], consequently, it is not necessary that claimant show that the conditions of her employment with defendant caused or significantly contributed to her occupational disease. She need only show: (1) that she has a compensable occupational disease and (2) that she was "last injuriously exposed to the hazards of such disease" in defendant's employment. The statutory terms "last injuriously exposed" mean "an exposure which proximately augmented the disease to any extent, however slight."

*Rutledge v. Tultex Corp.*, 308 N.C. 85, 89, 301 S.E.2d 359, 362-63 (1983) (quoting *Haynes v. Feldspar Producing Co.*, 222 N.C. 163, 166, 22 S.E.2d 275, 277 (1942)). Nothing in *Rutledge* or its progeny addresses whether the claimant bears any burden regarding proof of the identity of the carrier on the risk for the last injurious exposure. We observe that typically the defendant-employer would be actively addressing this issue, but, in this case, the employer is not participating in the litigation.

---

2. Neither party to this appeal discusses the body of law applicable to lost instruments, including whether such law is appropriately applied in a workers' compensation case. *See* 52 Am. Jur. 2d *Lost and Destroyed Instruments* §§ 1 *et seq.* (2000). We therefore leave consideration of the law of lost instruments for an appeal in which the parties have addressed those issues.

With respect to the burden of proof, ACE-USA first argues that plaintiff had an initial burden of bringing himself within the language of the insurance policy, citing various non-workers' compensation cases. *See, e.g., Duncan v. Cuna Mut. Ins. Soc'y*, 171 N.C. App. 403, 405, 614 S.E.2d 592, 594 (2005) (life insurance policy); *Hobson Constr. Co. v. Great Am. Ins. Co.*, 71 N.C. App. 586, 590, 322 S.E.2d 632, 635 (1984) (general liability insurance policy), *disc. review denied*, 313 N.C. 329, 327 S.E.2d 890 (1985); *Nationwide Mut. Fire Ins. Co. v. Allen*, 68 N.C. App. 184, 188, 314 S.E.2d 552, 554 (homeowner's insurance policy), *disc. review denied*, 311 N.C. 761, 321 S.E.2d 142 (1984). These cases hold that *the insured* bears the burden of establishing that the language contained in an existing policy covers his or her injury:

> It is the insured that has the burden of bringing himself within the insuring language of the policy. Once it has been determined that the insuring language embraces the particular claim or injury, the burden then shifts to the insurance company to prove a policy exclusion excepts the particular injury from coverage.

*Allen*, 68 N.C. App. at 188, 314 S.E.2d at 554. None of these cases, however, involve the situation present in this case: a claimant, who is not the insured, and a missing insurance policy that likely was never in the possession of the claimant.

ACE-USA argues, based on these cases, that plaintiff could not meet this burden "because no policy for coverage was produced; therefore, no *language*, from which a court could appropriately determine that coverage existed, was admitted into evidence." Defendants have, however, pointed to no authority suggesting that an employee in a workers' compensation action must produce the actual insurance policy to establish coverage. Significantly, although defendants submitted an affidavit to the Commission maintaining that they were unable to locate *any* policy of insurance between ACE-USA and Carolina Industrial from 1964 to 1974 in *any* state, ACE-USA concedes that it provided coverage for Carolina Industrial in South Carolina during the relevant time period. In other words, ACE-USA seeks to avoid liability simply because plaintiff cannot produce an insurance policy that ACE-USA agrees existed, but is now lost—even though plaintiff would likely never have received a copy of his employer's policy.

In the absence of any authority supporting such an outcome, we decline to so hold. ACE-USA's suggestion that plaintiff should be

denied any coverage for his asbestosis because he cannot prove the precise terms of a policy ACE-USA lost is troubling. Under the Workers' Compensation Act, "plaintiff has the right to enforce the insurance contract made for his benefit," *Hartsell v. Thermoid Co., S. Div.*, 249 N.C. 527, 533, 107 S.E.2d 115, 119 (1959), but under ACE-USA's view, he could never do so when the carrier and employer misplaced the insurance policy. Such an approach cannot be reconciled with the intent of the Act to ensure compensation for injured employees. *Johnson v. Herbie's Place*, 157 N.C. App. 168, 170-71, 579 S.E.2d 110, 113, *disc. review denied*, 357 N.C. 460, 585 S.E.2d 760 (2003).

Nor does the fact that an insurance policy is missing necessarily preclude recovery under that policy. Rule 1004 of the North Carolina Rules of Evidence specifically provides:

> The original is not required, and other evidence of the contents of a writing . . . is admissible if:

> (1) Originals Lost or Destroyed. All originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith; or

> (2) Original Not Obtainable. No original can be obtained by any available judicial process or procedure; or

> (3) Original in Possession of Opponent. At a time when an original was under the control of a party against whom offered, he was put on notice, by the pleadings or otherwise, that the contents would be a subject of proof at the hearing, and he does not produce the original at the hearing . . . .

Any one of these subsections could apply to permit plaintiff to offer "other evidence of the contents" of the insurance policy. *See Hoerner v. ANCO Insulations, Inc.*, 812 So. 2d 45, 72 (La. Ct. App.) (allowing asbestos worker to use parole evidence to prove existence of insurance policy insuring dissolved corporation), *cert. denied*, 819 So. 2d 1023-24 (La. 2002).

Assuming that the cases cited by ACE-USA apply to workers' compensation claimants, we hold that plaintiff has met his burden: "[T]he burden is on the insured to show coverage." *Nationwide Mut. Ins. Co. v. McAbee*, 268 N.C. 326, 328, 150 S.E.2d 496, 497 (1966). Here, plaintiff offered evidence, which ACE-USA does not dispute,

that ACE-USA issued a workers' compensation policy to Carolina Industrial, that provided coverage for workers' compensation injuries to plaintiff at the time of plaintiff's last injurious exposure. The only dispute is whether the policy contained geographical limitations.

We disagree with ACE-USA's contention that plaintiff was obligated to prove that this coverage extended not only to work performed in South Carolina, where Carolina Industrial was located, but also to work done in North Carolina. We hold, instead, that ACE-USA bore the burden of proving that there was no workers' compensation coverage under this missing policy for work performed in North Carolina.

In the only possibly analogous case involving workers' compensation insurance, our Supreme Court addressed a carrier's contention that it was not the carrier on the risk because it had cancelled the policy prior to the date of the plaintiff's injury. *See Moore v. Adams Elec. Co.*, 264 N.C. 667, 142 S.E.2d 659 (1965). The Court held that the carrier was "obligated for the sums adjudged by the Commission, *unless it has, as it asserts, established* cancellation of its insurance contract." *Id.* at 672, 142 S.E.2d at 663 (emphasis added). In other words, the plaintiff did not bear the burden of proving that the policy continued in effect; rather, the carrier bore the burden of proving cancellation of the policy. Thus, once there is evidence that a policy of workers' compensation was issued covering the plaintiff, the burden of proof shifts to the carrier to prove that circumstances existed under which coverage was not available for the plaintiff. We believe this burden-shifting should apply equally in this case in which the carrier seeks to avoid otherwise existing coverage.

This approach is also consistent with that employed in the non-workers' compensation cases relied upon by ACE-USA. Under that line of authority, "[i]f the insurer relies on a clause of the policy which excludes coverage, the burden is on the insurer to establish the exclusion." *McAbee*, 268 N.C. at 328, 150 S.E.2d at 497. *See also Allen*, 68 N.C. App. at 188, 314 S.E.2d at 554 (holding that burden shifts "to the insurance company to prove a policy exclusion excepts the particular injury from coverage").

In this case, ACE-USA does not dispute that had plaintiff been last exposed to asbestos in South Carolina on the specified date, the ACE-USA policy would provide coverage. In arguing that the policy did not cover injuries occurring in North Carolina, ACE-USA is relying upon a theoretical clause of the policy that it claims would have

excluded coverage of this particular injury because of where it occurred. ACE-USA's defense thus fits squarely within this Court's definition of an "exclusion" in an insurance policy: " 'In [an] insurance policy, [an] "exclusion" is [a] provision which eliminates coverage where were it not for [the] exclusion, coverage would have existed.' " *N.C. Farm Bureau Mut. Ins. Co. v. Fowler*, 162 N.C. App. 100, 104, 589 S.E.2d 911, 913 (2004) (alterations original) (quoting *Black's Law Dictionary* 563 (6th ed. 1990)). Accordingly, ACE-USA bore the burden of proving the existence of any geographic limitation.

The Commission applied this burden of proof framework in its opinion and award and found that "[b]ased on the greater weight of the evidence, Carolina Industrial Insulation's workers' compensation insurance with ACE-USA covered its employees while working in North Carolina." The only evidence that ACE-USA points to as being contrary to the Commission's finding is the parties' stipulation "that there is no record of insurance coverage in North Carolina for Carolina Industrial Insulating Co., Inc." ACE-USA argues this stipulation establishes that there was no insurance coverage in North Carolina. To the contrary, as the plain language states, the stipulation specifies only that there was "no record" of any insurance. Carolina Industrial could have been insured for North Carolina work, but not have notified the North Carolina Industrial Commission of that coverage. This stipulation did not, therefore, mandate a finding of no coverage, but rather only permitted an inference of non-coverage that the Commission could choose to draw or not.

Alternatively, ACE-USA challenges the Commission's findings on the grounds that "evidence that [ACE-USA] provided coverage for [Carolina Industrial] in South Carolina does not mean that it did the same in North Carolina." While this contention may well be true, it again is simply an argument for the Commission to consider and weigh—like the stipulation—and does not mandate that the Commission find that no coverage existed for work done in North Carolina.

We agree with ACE-USA, however, that the Commission erred to the extent that it found applicable to this case the principle that ambiguous provisions should be resolved in favor of the insured and against the insurance company. *See Hobbs Realty & Constr. Co. v. Scottsdale Ins. Co.*, 163 N.C. App. 285, 292, 593 S.E.2d 103, 108, *cert. denied*, 358 N.C. 543, 599 S.E.2d 47 (2004). Because the policy is missing, there is no language to construe and thus no possibility of an ambiguity. Without the policy, all we have is a disagreement between

the parties as to what terms were included in that policy. "[A] mere disagreement between the parties over the language of the insurance contract does not create an ambiguity." *Pennsylvania Nat'l Mut. Ins. Co. v. Strickland*, 178 N.C. App. 547, 550, 631 S.E.2d 845, 847 (2006), *disc. review denied*, 361 N.C. 221, 642 S.E.2d 445 (2007).

Nevertheless, we view this error as immaterial since it represents only an alternative basis for the Commission's decision. The Commission's final conclusion of law sets forth another basis for the opinion and award:

> 7. There is no evidence that the ACE-USA policy only covered Carolina Industrial Insulation employees who were injured in South Carolina. The Commission cannot create policy provisions that do not exist. It cannot be assumed that the policy had restrictive provisions; it must be proven. The initial burden is on the insured to establish coverage for a claim. In the case at hand, Plaintiff has proven that he was an employee of Carolina Industrial Insulation during the time period when ACE-USA provided workers' compensation coverage. The burden then shifts to the defendant-carrier to establish that an exclusion applied to the claim and that employees of Carolina Industrial Insulation were not insured under its policy while working in North Carolina. In the case at hand, ACE-USA argues that an exclusion existed in that the coverage was only applicable to South Carolina injuries. ACE-USA has offered no evidence to support this argument. Therefore, ACE-USA has not met its burden.

As explained above, this is a correct statement of the law.

The Commission's conclusion number 7 is supported by the Commission's findings of fact. Further, in the absence of evidence that the policy was limited to work occurring in South Carolina, the undisputed evidence that ACE-USA provided workers' compensation coverage for Carolina Industrial on the pertinent date was sufficient to support the Commission's finding that ACE-USA was the carrier on the risk. Because the Commission's findings are supported by competent evidence, and those findings in turn support one of the grounds relied upon by the Commission, we affirm.

Affirmed.

Judges McCULLOUGH and JACKSON concur.